The two bills are practically the same. Each bill seeks to restrain a proposed sale by defendant municipality for taxes for the year 1929 and for certain improvement assessments. The ground for relief is that a sale made by the municipality October 25th, 1930, for delinquent taxes of the years 1927 and 1928 is operative to deny to that municipality the right to now sell for the 1929 taxes and the improvement assessments; the reason assigned being that under the Revised Tax act of 1918 (P.L. 1918p. 833) and its amendments and supplements the municipality could not sell subject to any taxes or improvement assessments which were delinquent on July 1st, 1930. Complainants were each purchasers at that sale and each now holds certificates of sale. No question of jurisdiction has been raised. Following Cahill
v. Town of Harrison, 87 N.J. Eq. 524, jurisdiction will be assumed to exist.
I think it clear that the contentions of complainants must be sustained. The Revised Tax act of 1918 (sections 16 and 17) specifically provides that the collector, on July 1st, following the year on which a tax was assessed, should make a certain list on which should be entered "all taxes, assessments or other municipal charges which were a lien on the property on July 1st;" and the act clearly contemplates that any sale made after that date must include all the items so listed, and that the sale shall be "subject only to municipal liens accruing after July 1st." Sections 28, 29 and section 17a, P.L. 1923 p. 207. These requirements of the statute were not pursued; a sale was made for the taxes of 1927 and 1928 only; the taxes of 1929 and the improvement assessments were not included, and any statutory list of the liens which may have existed on the preceding July was ignored. That list would have embraced the taxes of 1929 and the several improvement assessments for which the sale is now proposed to be made. The act does not contemplate sales subject to liens existing on the preceding July 1st. Of course, complainants paid less than they would have been compelled to pay had the sale been for the entire amount due on the preceding July 1st; but the certificates of sale are specific and regular on *Page 330 
their face and must be respected so long as the municipality retains the proceeds; without restitution the municipality cannot be heard to say that the sale was unlawful as made and thus escape the consequences of its acts. I am convinced that these two complainants are each entitled to protection from the proposed sale for the 1929 tax and the improvement assessments of the properties purchased by them at the October, 1930, sale. SeeSimonton on Tax Sales (2d ed.) 18; Cahill v. Town ofHarrison, supra; Harrington Co. v. Walker, 105 N.J. Eq. 172.
It is urged by defendant that each of these complainants purchased for the owners of the land. There is no evidence to support that claim. Complainant Chase was a friend of Lippincott, one of the owners of the land. Chase no doubt hoped that by purchasing Lippincott would be benefited by his additional time to redeem. But Chase bought with his own money, deeming himself secure in the investment, and made no engagement to hold in the interest of Lippincott; their holdings were purely adverse; Lippincott was given no privileges or rights or assurances beyond those allowed to him by the statute. Luethy bought at the instance of attorney Carr. Carr represented a number of banks who were creditors of Marlton Pike Manor, the owner; these banks had appointed a committee, of whom Carr was a member, which committee was to handle the claims of the several banks. Carr, as the active member of that committee, thought the position of the banks, as creditors of the Marlton Pike Manor, would be enhanced by purchasing the Marlton Pike properties at the tax sale. Accordingly he caused Luethy to purchase in the interest of the several banks, and to that end assisted Luethy to borrow the necessary money for that purpose. At the sale Carr did the bidding for both Chase and Luethy. No engagement of any kind existed with the owner of the fee.
Also, it is urged by defendants that at the sale the collector announced that the sale was being made subject to the taxes of 1929 and the improvement assessments. I think the evidence is clearly to the contrary of that claim; but *Page 331 
if such an announcement was made it was clearly without right. The sale was not made subject to the 1929 taxes or the improvement assessments; as already pointed out it could not be, since the act requires the sale to embrace all liens of July 1st. Carr admittedly knew of the 1929 tax and the improvement assessments and acted upon the belief that the sale was necessarily free from those liens and all liens prior to July 1st which were not listed and embraced in the sale.
I am unable to see how I can properly refuse to enjoin the approaching sale as to the properties embraced in the certificates of these two complainants. It must be understood, however, that nothing herein contained shall in any way interfere with or be operative against any right the municipality may have to refund the money received by it and be relieved from the sale, to the end that a resale may be made embracing all liens prior to the first of July preceding any such sale.