CITY OF BAYONNE, PLAINTIFF, v. GEORGE H. KRAMER, WALTER G. WINNE AND N. DEMAREST CAMPBELL, RECEIVERS OF THE NATIONAL SURETY COMPANY, AND NATIONAL SURETY COMPANY, A CORPORATION, DEFENDANTS.

Decided December 5, 1934.

For the plaintiff, *Alfred Brenner.*

For the defendant George H. Kramer, *Edward P. Stout.*

BROWN, S. C. C.   The defendant Kramer moves to strike out the second paragraph of the reply denying the matter set forth in the first separate defense of this defendant.   The grounds alleged are that "it is sham and false in fact."   The complaint charges that Kramer was duly appointed collector of revenue of the city of Bayonne; that subsequent to his appointment as required by chapter 237 (*Pamph. L.* 1918), Kramer was designated by the governing body of that city to make examinations of its records as to unpaid municipal liens and to certify the result.   On December 13th, 1932, the city of Bayonne instituted condemnation proceedings for the purpose of acquiring a lot of land known and designated as lot B in block 557 on the official assessment map of the city of Bayonne; commissioners were appointed and an award was made and confirmed.   Prior to the acceptance of the deed to the premises for the purpose of ascertaining any defects in title, liens or encumbrances against the property, the New Jersey Title Guarantee and Trust Company was employed by

the city to examine the title and certify the liens and encumbrances outstanding including the municipal liens. The title company examined the title and in doing so ordered from Kramer, as collector of the city of Bayonne, a tax search to ascertain the municipal liens outstanding against the property. It is charged that Kramer negligently and carelessly made the search in that it is alleged he failed to certify in his search taxes that remained unpaid. The complaint further charges that the title company relied on the tax search furnished by Kramer and certified the result to the plaintiff and the latter accepted the title subject to the tax liens disclosed by the search. In the first separate defense of Kramer's answer he asserts that on February 10th, 1926, William G. Roberts, as collector of revenue for the plaintiff, sold the premises in question for unpaid taxes for the years 1918 to 1924, and on February 11th, 1926, delivered his certificate of sale to the plaintiff. It is also alleged that Roberts, as collector for the plaintiff, failed to include in the tax sale the assessments for unpaid taxes for the years 1907 to 1917, inclusive, and the effect of such failure was "to destroy, cancel and obliterate the taxes for said years," and therefore those taxes having been thus canceled Kramer claims he was not negligent in failing to include them in the certificate delivered to the title company. The affidavits presented on the motion disclose that Alice Rowland was the owner of the property at the time the taxes had accumulated thereon from the year 1907 to 1924; that she died in 1925, leaving the property to her husband, David H. Rowland; that there were no bidders at the sale at the time the property was struck off to the city of Bayonne; that David H. Rowland sold the property to a man named Quinlan and that Quinlan was the owner of the property at the time title was acquired by the city of Bayonne through condemnation. Quinlan was paid the full amount of the award made by the condemnation commissioners. The city deducted, however, the amount of the taxes and arrearages for the years subsequent to 1918. In the briefs presented on this motion the parties are in agreement as to the facts set forth in Kramer's answer but are in opposition as to their legal effect. Did the city of

Bayonne in its tax sale in February, 1926, for unpaid taxes for the years 1918 to 1924 by failing to include the unpaid taxes for the years 1907 to 1917, thereby waive and in effect cancel the taxes unpaid for the years last mentioned? If this question is determined in the affirmative the parties are in accord that the motion to strike should be granted for it is the omission of those unpaid taxes from Kramer's certificate to the title company that is the basis of the suit against the defendant Kramer.

Under an act concerning unpaid taxes (*Pamph. L.* 1918, *p.* 883), commonly called the Tax Sale act, a collector of taxes of a municipality is authorized to sell real property for unpaid taxes. Section 25 of the act provides that the collector "shall strike off and sell to the municipality, in fee, for redemption at eight per centum any parcel of real property for which there shall be no purchaser, and the municipality shall have the same remedies and rights as other purchasers, including the right to bar or foreclose the right of redemption."

Section 28 of the act requires the collector to deliver to the purchaser a certificate of sale duly signed, sealed and acknowledged and section 29 of the act requires that the certificate of sale must provide that the sale is subject only to municipal liens accruing after July 1st, and that the right to redeem will expire in six months after the service of notice to redeem except that the right to redeem shall in all cases extend for two years from the date of sale. In the certificate of sale of the property in question made by collector Roberts to the plaintiff in February, 1926, it was provided, as required by the Tax Sale act, that the sale was made to the city of Bayonne subject only to municipal liens accruing on and after July 1st, 1925, with the right to redeem as provided by that act. The owner could have redeemed his property from the sale to the city by paying the statutory interest charges together with amount of taxes for which the property was sold and the municipal liens accruing from July 1st, 1925. He would not have to pay the unpaid taxes for the years from 1907 to 1917. Section 25 of the Tax Sale act places a municipality on the same level with any other pur-

chaser who might purchase at a tax sale by the following language: "and the municipality shall have the same remedies and rights as other purchasers including the right to bar or foreclose the right of redemption."

The ordinary rule as to tax assessments is that each year's assessment takes priority over all assessments for previous years and that the effect of a tax sale for a particular year's assessment is to destroy, cancel and obliterate the preceding taxes. *Harrington Co.* v. *Walker,* 105 *N. J. Eq.* 172; 147 *Atl. Rep.* 199; *Geran* v. *New Jersey Sand and Gravel Co.,* 114 *N. J. Eq.* 414; 168 *Atl. Rep.* 817; *Chase* v. *Delaware Township,* 108 *N. J. Eq.* 328; 154 *Atl. Rep.* 881. It is determined on this motion that the unpaid taxes for the years 1907 to 1917, inclusive, were canceled and obliterated by the tax sale from collector Roberts to the city of Bayonne in so far as they effected the conduct of the defendant Kramer in making his tax search to the title company. The motion to strike out the reply in the particular mentioned in the notice will be granted.