STATE BOARD OF TAX APPEALS.

HOWARD G. TOONE, PETITIONER, v. CITY OF CAMDEN, RESPONDENT.

Decided September 9, 1941.

For the petitioner, *Samuel H. Richards.*

For the respondent, *John J. Crean* and *William J. Shepp.*

QUINN, President. So far as this board is concerned, the only meritorious question involved upon this appeal is whether the assessed value for the year 1938 of premises No. 455 to 461 Kaighn avenue, in the City of Camden, in the sum of $165,450 (land, $119,625, improvement, $45,825), is in excess of the true value of the property as of October 1st, 1937. *R. S.* 54:4-23; *N. J. S. A.* 54:4-23. As another aspect of this controversy has been before the Supreme Court on *certiorari,* however, and since that tribunal has stated that this board is competent to give whatever relief should be

given, we herewith outline the full story of the matters in dispute. See *Toone* v. *Camden* *(Supreme Court,* 1940), 124 *N. J. L.* 339; 11 *Atl. Rep.* (2d) 839.

Three separate appeals from the assessment of the property for the year in question were taken to the Camden County Board of Taxation, one by McCrory Stores Corporation, lessee of the premises, one by McCrory Stores Corporation, as agent of Howard G. Toone, et al., owners, and the other by Howard G. Toone, owner. All three appeals were heard by the county board on October 11th, 1938. The record shows two county board judgments, dated November 3d, 1938, adjudging "no reduction," another judgment dated December 5th, 1938, allowing a reduction of $20,000 on the improvement, and still another judgment, designated "corrected judgment," dated December 13th, 1938, adjudging "no reduction." On December 8th, 1938, at the request of the owner, the city comptroller refunded the sum of $860 to him upon the basis of the reduction granted by the December 5th judgment. Thereafter, upon receipt of the "corrected judgment," the city entered a delinquency upon its tax records in the amount of the check, $860, with interest. On December 14th, 1938, the present appeal was filed with this board from the action of the county board in disallowing a reduction. In August, 1939, the Director of Revenue and Finance of the city gave petitioner notice of intention to sell the property for unpaid taxes, whereupon it sued out a writ of *certiorari* in the Supreme Court to review the validity of the resolution of sale.

This board withheld action on the present appeal, pending disposition of the writ by the Supreme Court. As herein before indicated, the writ was dismissed, for the stated reason that this board is competent to give any proper relief in the premises. We suppose the court intended that the propriety of the tax sale would be directly affected by such determination as this board should make concerning the proper amount of assessment for the year 1938, and that the parties should therefore await such determination in advance of an application to the court, based upon actions resulting from the several county board determinations. This board has, of course, no authority to restrain the city from con-

ducting a tax sale, or to review the validity of a resolution authorizing same. It can only review the actions or determinations of the county boards, *N. J. S. A.* 54:2-35, 54:2-39, but, in so doing it may review errors of jurisdiction as well as upon the merits. *Borough of Oradell* v. *State Board of Tax Appeals (Court of Errors and Appeals,* 1940), 123 *N. J. L.* 86; 8 *Atl. Rep.* (*2d*) 100.

Reviewing the several proceedings before the county board, it is clear that the only determinations of that tribunal which were within its jurisdiction to make were the judgments dated November 3d, 1938. The others, dated subsequent to November 15th, 1938, and presumably representing determinations arrived at upon the dates endorsed upon the judgments, were void as in violation. of *R. S.* 54:3-26, requiring the county board to determine all appeals within three months after the last day for filing such appeals (on or prior to November 15th). There is nothing before us to indicate that such determinations were made at any other time than the dates of the judgments. In view of the foregoing, we need not reflect upon the propriety of the reversals by the county board of its prior determinations. But see *City of Newark* v. *Weyerhaeuser Timber Co., New Jersey Tax Reports,* 1934-1939, *p.* 530.

We accordingly proceed to consider the appeal as being simply from a county board judgment denying any reduction in the assessed valuation. This we may do, either upon the hypothesis that the appeal is from the judgments dated November 3d, 1938, or, for the reason that if the county board made no determination whatever, *coram judice,* upon Mr. Toone's appeal, then the appellant may nevertheless have his right of review of the assessment before this board.

The petition of appeal requests that the assessed value of the improvements be reduced from $45,825 to $11,456. However, the expert witness for the petitioner gave a valuation for improvements of $40,000. In our opinion, this is the valuation which should be adopted, giving due weight to the testimony of the owner of the property that the second and third floors of the building were not being used to any substantial extent, as of the assessing date, having been con-

demned as unsafe by the city building inspector, and to the uncontradicted testimony that the building was in process of demolition. We conclude that the true value of the building was not in excess of the $40,000 appraisal made by petitioner's witness.

As to the land assessment, petitioner seeks a reduction from $119,625 to $80,000. The land in question is a corner property in a busy business section of the city, having 80 feet of frontage on Kaighn avenue and almost 100 feet of depth along Broadway, the main entrances being on Kaighn avenue. An expert witness for petitioner valued the land at $500 per front foot with 100% for corner influence, or a total of $80,000. The city's witnesses divided the tract into parcels of varying unit value, one on Broadway frontage, the other on Kaighn avenue. The former is not properly subject to consideration, as founded on a hypothesis other than condition in which the property was actually being used and held by the owner. *Stevens Institute* v. *State Board* (*Supreme Court,* 1928), 105 *N. J. L.* 99; 143 *Atl. Rep.* 356; *C. F. Mueller Co.* v. *State Board of Tax Appeals* (*Supreme Court,* 1941), 126 *N. J. L.* 141; 18 *Atl. Rep.* (*2d*) 564. This expert valued the land at $137,200, as compared with a figure of $129,000 arrived at by the other city witness. Upon an analysis of the testimony of all the experts, and a personal inspection of the property, we determine the true value of the land to be $112,000, which, added to the $40,000 valuation for improvements hereinabove determined, will result in a total assessment of $152,000. It will be so adjudged.

In view of this conclusion, resulting in a reduction of the original assessment by the sum of $13,450, it is to be expected that the city will amend its record of delinquency as to this property, to the extent of such reduction.