STATE BOARD OF TAX APPEALS.

GEORGE A. FULLER CO., PETITIONER, v. CITY OF JERSEY CITY, RESPONDENT.

Decided January 19, 1943.

For the petitioner, *John G. Flanigan.*

For the respondent, *Frank P. McCarthy.*

WAESCHE, President. This case was set down to be heard at the court house in Jersey City on January 6th, 1943, and notices of the date and place of the hearing were mailed to all interested parties on December 14th, 1942.

On January 5th, 1943, counsel for petitioner appeared before the State Board of Tax Appeals in Trenton, and moved for an adjournment of the hearing. Counsel for Jersey City, the respondent, appeared at the same time before the State Board but did not oppose petitioner's application for an adjournment.

After due deliberation, this Board denied the motion.

This refusal to grant petitioner's request for an adjournment would seem to be only an unimportant exercise of discretion by this Board. But that is not the case here. This Board's refusal was based on fundamental principles of law and policy, and we feel that the questions involved are of such importance as to warrant the filing of an opinion explaining the reasons for the Board's action.

The appeal in this case is from the action of the County Board of Taxation of Hudson County in dismissing an appeal from an assessment levied on personal property of the petitioner for taxes falling due during the year 1939.

The amount of revenue required to be raised each year by taxation for municipal, and county governments, and the public schools is determined in advance, *i. e.*, during the first two months of the year, by the annual municipal, county and school budgets. These three divisions of government operate on a credit basis, that is, they incur debts and obligations in anticipation of the revenues they expect to receive from the collection of taxes during the ensuing year. If such revenues fall short of the anticipated amount, the shortage is made up by including it in the budget for the following year. Under the law these budgets must be published, and in some school districts they are voted upon by the electorate at the annual school election.

More than eighty per cent of the revenue needed each year for the support and maintenance of our municipal and county governments, and our public schools is raised by taxing real and personal property. The assessed valuations on all taxable property, except property used for railroad or canal purposes, is determined annually, in the first instance, by the local assessor as of October 1st, of the year next preceding the year in which the taxes fall due. (*R. S.* 54:4-9, 54:4-23; *N. J. S. A.* 54:4-9, 54:4-23.) The State Tax Commissioner fixes the assessed value of all property used for railroad or canal purposes (*R. S.* 54:20-2; *N. J. S. A.* 54:20-2).

On or before March 10th of each year, the County Board of Taxation determines the total value of the taxable real and personal property in each taxing district, and also determines, for each taxing district, the tax rate for that year (*R. S.*

54:4-52; *N. J. S. A.* 54:4-52). Local taxes are due and payable in four installments—on the first day of February, May, August and November in each year (*R. S.* 54:4-66; *N. J. S. A.* 54:4-66). All unpaid taxes assessed locally on real estate become liens on the real estate on which they are assessed on and after December 1st, of the year in which they fall due (*R. S.* 54:5-6; *N. J. S. A.* 54:5-6).

Therefore, each taxpayer knows in advance the amount that he is expected to contribute to the support of municipal and county governments, and the public schools during the ensuing year, and the time when such contributions are due and payable. Any change in the assessed value of any taxable property after March 10th shifts the burden of taxes on every taxpayer and changes the total amount of taxes levied for that year for the support and maintenance of municipal and county governments, and public schools. All such changes require an adjustment in the tax assessments for the following or subsequent years (*R. S.* 54:4-49, *et seq.; N. J. S. A.* 54:4-49, *et seq.*). It is, therefore, a matter of great importance to the public welfare as well as to each taxpayer that the assessed values of all taxable property be finally determined during the year in which the taxes on those assessed values fall due or as soon thereafter as possible.

In the case of *Montclair* v. *State Board of Tax Appeals,* 127 *N. J. L.* 382; 22 *Atl. Rep.* (*2d*) 525; affirmed, 128 *N. J. L.* 319, the Supreme Court said:

"A suitor municipality which would obtain the statutory relief should be diligent in seeking it. The granting of the proposed credits to the Borough of Roseland would create a burden upon the remaining municipalities, and that burden would now be distributed in entirely different amounts and proportions than would have been the case in 1938. It is the policy of the state that the settlement of tax controversies be effected within a reasonable time so that the assets of the dependent interlocking political divisions of city, county and state, with their financial requirements, shall be finally and harmoniously adjusted."

An appeal from any assessment levied by the local assessor may be taken to the County Board of Taxation by filing with

it a petition of appeal on or before August 15th of the year in which the tax is due (*R. S.* 54:3-21; *N. J. S. A.* 54:3-21). The County Board of Taxation must hear and determine all such appeals within three months after the last day for filing such appeals—that is, by November 15th of the year in which the tax is due (*R. S.* 54:3-26; *N. J. S. A.* 54:3-26).

Any petitioner who is dissatisfied with the judgment of the County Board of Taxation upon his appeal may appeal from that judgment to the State Board of Tax Appeals by filing a petition of appeal to the State Board within one month from the date fixed for final decisions by the County Board— that is, by December 15th of the year in which the tax is due. The State Board is required by law to hear and determine all such appeals and render its judgment thereon "as soon as may be" (*R. S.* 54:2-39; *N. J. S. A.* 54:2-39).

The Supreme Judicial Court of Massachusetts, in the case of *Crawford* v. *Roloson,* 149 *N. E. Rep.* 707, construed the words "as soon as may be" to be the equivalent of "as soon as was reasonably possible." The Supreme Court, Appellate Division, First Department, of New York, in the case of *In re Varet's Estate,* 168 *N. Y. S.* 896; 181 *App. Div.* 446, construed the words "as soon as may be" to mean "as soon as reasonably may be." In the opinion in the New York case it was pointed out that the phrase "as soon as may be" had been construed by other judicial tribunals to be similar in meaning to "within a reasonable time;" "as soon as possible;" "forthwith;" "as soon as they conveniently can."

Whatever meaning may be ascribed to the words "as soon as may be," it is perfectly clear that the New Jersey statute intends that the State Board of Tax Appeals shall hear and determine all appeals from the county boards of taxation promptly and with due diligence.

The legislative scheme for assessing taxable property in New Jersey definitely intends that the assessed or true value of all property subject to taxation shall be finally determined, if reasonably possible, during the year in which the tax on such assessed values is due and payable. This is certainly a logical, if not an essential provision, if great confusion, uncertainty and injustice are to be avoided.

The assessment under appeal in this proceeding is for taxes due and payable during the year 1939. The hearing on this appeal ought not be postponed except for the most substantial reasons. We do not consider that the reasons offered in support of the motion are of such a nature.

The motion for an adjournment of the hearing is accordingly denied.