Complainants pray that defendants be enjoined from selling their lands for unpaid taxes while the tax assessment is the subject of appeals pending before the State Board of Tax Appeals. The defendants move to dismiss the bill.
The tax authorities of the City assessed the property for the year 1943 at $580,300. On complainants' appeal, the County Board of Taxation reduced the assessment to $509,000. Complainants thereupon, on November 26th, 1943, appealed to the State Board, praying that the assessment be reduced to $347,500, which they alleged was the true value of the property. The City also appealed, asking that the original assessment be restored. Although a year has elapsed, the appeals have not yet been heard by the State Board. The parties have not been dilatory in prosecuting their appeals. It is the practice of the Board to arrange a program of hearings without consulting the parties, and then to notify them when they will be heard. The appeals taken by the litigants *Page 54 
who are now before me, have not yet been reached. If complainants' appeal shall be fully successful, the tax is $18,452. This sum complainants have paid to the collector pursuant to R.S. 54:3-27. Based on the original assessment, the tax would be $30,814, and on the County Board's appraisal, $27,028, or $8,576 above the sum which complainants have paid. The collector of taxes has advertised the property for sale to raise the last named amount, $8,576 with interest and costs.
The defendants take the position that on July 1st, 1944, complainants' lands became subject to tax sale, despite the pendency of the appeals, R.S. 54:5-19, and that the collector has no discretion but to enforce the tax lien by sale before July 1st, 1945. Section 37. Jamoneau v. Murphy, 131 N.J. Law 498;Ibid. 39. As an approach to the problem, let us first consider the time schedule contained in our tax statutes. An appeal to the county board is limited to August 15th and must be decided by that board within three months, or by November 15th. R.S.54:3-21 and 26. An appeal lies to the State Board on or before December 15th and that board is required "summarily to hear and determine all such appeals and render its judgment thereon as soon as may be." R.S. 54:2-39. The tax, if unpaid, shall be enforced by sale during the year beginning the following July 1st, that is, not earlier than 6 1/2 months, nor later than 18 1/2 months, after the last day for appeal to the State Board. No specific period is allotted for the work of the State Board, but the direction that it proceed summarily and render judgment as soon as may be, is not to be ignored. It shows that the legislature anticipated prompt action. Certainly the legislature did not expect the Board to need more than one year in which to decide an appeal for the business is annually recurring and if the Board takes more than a year to dispose of a year's business, there will be a constantly increasing accumulation of undecided appeals. The county boards of taxation are given three months in which to act. If the State Board takes four times as long, or a year, to render its judgments, the collector will still have more than six months thereafter in which to enforce tax liens and yet complete the task before July 1st. *Page 55 
Payment, pending appeal, of the amount which will be due by the taxpayer if his appeal be sustained, is contemplated by the statute. R.S. 54:3-27. But payment beyond that amount is considered to be voluntary. Hahne Realty Co. v. Newark,119 N.J. Law 12.
If the collector should proceed with the sale in the present situation, the City would lose any possible benefit from its own appeal, since the title of the purchaser would not be subject to any municipal liens except those recited in the certificate.R.S. 54:5-23. Chase v. Delaware Township, 108 N.J. Eq. 328.
Additional indications of a legislative intent that appeals from assessments should be determined before the tax sale, may be gathered from our tax sale law. The statutory amount required for redemption is calculated on the sum bid at the sale, not on the tax which may result from the decision of the State Board. R.S.54:5-58. And the county clerk may be ordered to cancel the record of the tax sale certificate when the holder has been repaid what he paid for it with interest and expenses. Section115.
It is true that the time schedule may be upset when acertiorari is granted to review the judgment of the State Board for the litigation may well continue beyond July 1st before which the collector is directed to enforce the tax lien. Normally, in the absence of statute, the writ has the effect of staying proceedings to collect the tax. Sewing Machine Co. v. StateBoard, 54 N.J. Law 90. Our statute provides that the writ shall not operate as a stay unless the Supreme Court shall so order.R.S. 54:5-10. It is left to the court, on certiorari, to handle the matter in a manner equitable to all parties.
On the whole, I conclude that where the taxpayer has appealed to the State Board of Tax Appeals from the assessment against him, and has paid to the collector such portion of the tax as he would be required to pay were his appeal sustained, the collector is excused from collecting the balance of the tax until the appeal be decided. And Chancery should meanwhile prevent the clouding of the land title by a tax sale.
Let there be an injunction forbidding the sale until the Board renders its judgment. *Page 56