DIVISION OF TAX APPEALS.

ANNA POLL, PETITIONER, v. CITY OF PLAINFIELD, RESPONDENT.

Decided May 19, 1947.

KREAMER, COMMISSIONER. This is an appeal from a judgment of dismissal by the Union County Board of Taxation of a petition for a reduction of a real property assessment levied by the City of Plainfield for the year 1946.

The record reveals that the petition of appeal to the Division of Tax Appeals was deposited with the postal authorities for mailing on December 16th and was received at the statutory office of the Division on December 18th.

Since a failure to file a petition of appeal within the period prescribed by statute is a fatal jurisdictional defect, it is within the province of this body to determine, *sua sponte,* whether or not the subject appeal has been filed within time. *Singer Manufacturing Co.* v. *City of Elizabeth, New Jersey Tax Reports (Supp.* 1941), 104, see, also, *City of Hoboken* v. *Kelly, Tax Commissioner,* 21 *N. J. Mis. R.* 193; 32 *Atl. Rep. (2d)* 710; *City of New Brunswick* v. *Upsilon Chapter, &c.,* 18 *N. J. Mis. R.* 147; 11 *Atl. Rep. (2d)* 430.

*R. S.* 54:2–39; *N. J. S. A.* 54:2–39, of our tax statute reads in part, as follows:

"Any appellant who is dissatisfied with the judgment of the county board of taxation upon his appeal may appeal from that judgment to the Division of Tax Appeals in the

State Department of Taxation and Finance by filing a petition of appeal to the division, in manner and form to be by said division prescribed, within one month from the date on which the county board of taxation shall have published the entry of judgment or within one month from the date fixed for final decisions by the county boards, whichever date shall be earlier, and the division shall proceed summarily to hear and determine all such appeals and render its judgment thereon as soon as may be."

November 15th is the date fixed for final decision by the county boards (see *R. S.* 54:3-21; *N. J. S. A.* 54:3-21, and *R. S.* 54:3-26; *N. J. S. A.* 54:3-26). Under *R. S.* 54:2-39; *N. J. S. A.* 54:2-39, should the date of publication of judgment be "earlier" than November 15th, appellants are compelled to file their petitions within one month of the earlier date but clearly the last possible date for filing in any case cannot extend beyond December 15th.

As the record is barren of anything to indicate the date of publication of the entry of the county board judgment, we will proceed to determine whether the within appeal was filed on or before December 15th. For if it cannot be considered to have been filed on or before that date, then it must be dismissed regardless of when the entry of the county board judgment was published.

December 15th, 1946, fell on a Sunday and under the decision of our New Jersey Supreme Court in *Ettrick* v. *State Board of Tax Appeals,* 12 *N. J. Mis. R.* 432; 172 *Atl. Rep.* 365, petitioner herein had until Monday, December 16th, to file her petition. In the Ettrick case the petition was mailed to the clerk of the board and received by him on December 16th, December 15th having been a Sunday. In the case at bar, however, the petition was deposited in the mail on the last day for filing, *i. e.,* December 16th, but was not received at the office of the Division until after the period for filing had expired. Under these circumstances, the prevailing view in jurisdictions throughout the country is that such filing is not within time.

In *Pendry* v. *Brennan,* 31 *Idaho* 54; 169 *Pac. Rep.* 174, the last day for entering an appearance in a law action fell

on May 17th. On that date the defendant's attorney mailed a "demurrer" to the clerk of the court, who did not receive it until after that date, at which time a default judgment had already been entered. On a motion to reopen the judgment the court stated:

"This contention (defendant's) is to the effect that when this demurrer to this complaint was deposited in the post office on the 17th day of May, the filing was complete within the meaning of the law. If the contention were confined to the service of the demurrer by mail, the contention of the appellant might be conceded; but as we understand it, a different rule applies with reference to the filing of a paper. To file the demurrer it must be deposited with or placed in the custody of the proper officer whose duty it is to place his filing mark upon it, and it is incumbent upon the party filing to see that the paper is so deposited or placed in the custody of such officer before he may claim that it is properly filed. * * *"

In *Hewitt* v. *International Shoe Co.*, 115 *Fla.* 508; 155 *So. Rep.* 725, the last date for filing a petition to reopen a judgment was June 11th of the particular year. The petition was placed in the mail on June 11th but was not received by the clerk of the court until June 12th. It was held that the petition was not filed within time, the court stating:

"* * * The petition was not filed in contemplation of law until it was actually received and 'filed' by the clerk * * * on June 12th * * * even though it was mailed on June 11th, properly addressed to the clerk and forwarded by air mail, special delivery, with the intention that it should be received and be filed by the clerk on June 11th instead of on June 12th.

"Papers which the law requires to be filed on or before a certain day * * * are not legally filed by merely placing them in the United States mail during the period of time permitted for filing them. Such papers should not only be mailed within the time allowed by law but should be mailed sufficiently early to be received at the office of their destination before the time allowed by law expires for the filing of such papers."

*In re State, ex rel. Attorney-General,* 185 *Ala.* 347; 64 *So. Rep.* 310, 311, involved a factual situation similar to that in the Hewitt case. It was held:

"* * * The unqualified requirement of the rule is that application for rehearing must be * * * filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission * * * however free from fault * * * the applicant may have been, it cannot be said that he has complied with this * * * provision * * *. This application for rehearing was so seasonably and properly posted as that in due course it should have reached the clerk on July 4th, 1913, the last day * * * on which it could have been seasonably filed with the clerk. It did not reach him within time."

The foregoing rule has been similarly applied in *Muskingum Watershed Conservatory Dist.* v. *Steinmetz,* 57 *Ohio App.* 502; 15 *N. E. Rep.* (2d) 164; *State, ex rel. O'Hearn* v. *Erickson,* 152 *Minn.* 349; 188 *N. W. Rep.* 736; *City of. Maud* v. *Tulsa Rig Reel and Manufacturing Co.,* 165 *Okla.* 181; 25 *Pac. Rep.* (2d) 792; *Wampler* v. *Snyder,* 66 *Fed. Rep.* (2d) 195; *Poyner* v. *Commissioner of Internal Revenue,* 81 *Id.* 521; See, also, *United States* v. *Lombardo,* 241 *U. S.* 73; 36 *S. Ct.* 508; *Gates* v. *State,* 128 *N. Y.* 221; 28 *N. E. Rep.* 373; *Sweeney* v. *City of New York,* 225 *N. Y.* 271; 122 *N. E. Rep.* 243; *Cheesman* v. *Cheesman,* 236 *N. Y.* 47; 139 *N. E. Rep.* 775; *Moores* v. *State,* 4 *Neb.* 781; 96 *N. W. Rep.* 225; *Tyson* v. *United States,* 76 *Fed. Rep.* (2d) 533; *Commonwealth* v. *O'Bryan Utley & Co.,* 153 *Ky.* 406; 155 *S. W. Rep.* 1126; *In re Gorski,* 227 *Mass.* 456; 116 *N. E. Rep.* 811; *Stubbs* v. *Mendel,* 148 *Ga.* 802; 98 *S. E. Rep.* 476. We are cognizant of the hardship that may be visited upon this appellant but we are constrained to find that the petition has not been filed within time and must be dismissed.

So ordered.