113 N.J. Super. 6 (1971)
272 A.2d 542
STEPHEN DANIS, PLAINTIFF-APPELLANT,
v.
MIDDLESEX COUNTY BOARD OF TAXATION AND E.S. YAHNEL, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 4, 1971.
Decided January 12, 1971.
*7 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Irving Verosloff argued the cause for appellant.
Mr. Alfred L. Nardelli, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Plaintiff appeals from a Law Division order denying his motion for an order compelling defendant Middlesex County Board of Taxation (Board) to conduct a hearing on his tax appeal and voiding the Board's certificate of judgment denying the appeal for lack of jurisdiction.
*8 On August 15, 1969, the last day for doing so, plaintiff attempted to file a tax appeal petition with the Board challenging land valuation only. The clerk of the Board, defendant Yahnel, relying upon Board Rule 8(a) which states that "each petition must be completed in its entirety," refused to accept the petition because the form was not fully completed.
Plaintiff then filed a complaint in lieu of prerogative writs in the Law Division for an order directing the Board to accept and file the petition and thereafter conduct a hearing. Both sides moved for summary judgment. Judge Gerofsky on October 17, 1969 determined that the duty of the Board clerk to accept nonconforming papers was analogous to that of a court clerk under R. 1:5-6(c); the clerk should have accepted the petition and the Board itself could then determine whether the petition complied with its rules. Accordingly, an order was entered on November 3, 1969 directing the clerk to accept the petition for filing, the Board then "to conduct a hearing on the matters set forth" therein. However, plaintiff did not file his petition with the Board until November 25, 1969, more than three weeks later. The Board dismissed the petition on December 22, 1970 for lack of jurisdiction, in accordance with N.J.S.A. 54:3-26.
On February 6, 1970 plaintiff moved for an order directing defendants to hold a hearing in compliance with plaintiff's understanding of the November 3, 1969 order, and to void the Board's December 22, 1969 certificate of judgment. After a hearing Judge Gerofsky denied the motion. In his opinion, his November 3, 1969 order had not been violated; in issuing that order he had been concerned with a ministerial official taking upon herself the exercise of a discretionary power rightfully belonging only to the Board, and it was for this reason that she was ordered to accept plaintiff's appeal petition so that the Board might determine its validity. The petition having been accepted, *9 the Board correctly determined that it lacked jurisdiction under the statute defining its powers. Judge Gerofsky said:
It appears, therefore, that the Board had the unmistakable right, moreover the duty, to dismiss the appeal. The order of this Court did not and could not alter its [the Board's] statutory jurisdiction. Any such order would necessarily be subject to its jurisdictional requirements.
The judge concluded that after plaintiff's petition was dismissed by the Board, his remedy was by way of appeal to the Division of Tax Appeals under N.J.S.A. 54:2-35.
Plaintiff contends that the Board could not dismiss his appeal petition without a hearing, where such hearing had been ordered by the Law Division.
Plaintiff had actual notice at the close of the hearing on October 17, 1969 that his tax appeal petition was to be filed with and accepted by the Board, despite the fact that a formal order was not entered until November 3, 1969. Even were one to assume that he did not get notice until November 3, he delayed filing for more than three weeks, until November 25. This was ten days after the statutory deadline for appellate decisions by a county tax board. N.J.S.A. 54:3-26 directs that a county tax board shall hear and determine all appeals within three months after the last day for filing such appeals. Under N.J.S.A. 54:3-21, the last day for filing a tax appeal with the county tax board is August 15. Accordingly, the county tax board must render its decision by November 15. Judge Gerofsky correctly held that a board judgment rendered more than three months after the final statutory date for taking appeals is beyond the jurisdiction of the board and void. Toone v. Camden, 19 N.J. Misc. 600, 22 A.2d 351 (St. Tax App. 1941).
Plaintiff had at least 12 days from the entry of the formal order on November 3 to file his petition. Had he done so the burden would then have been upon the Board to render its decision on or before November 15. This became an impossibility because he delayed filing until November 25.
*10 Plaintiff's argument must be that the statutory cutoff date is only directory, not mandatory, and the decision in Toone is no longer viable. The argument is without merit. The State Division of Tax Appeals has many times reaffirmed the mandatory nature of these dates. George A. Fuller Co. v. Jersey City, 21 N.J. Misc. 38, 40-41, 29 A.2d 720 (1943); Poll v. Plainfield, 25 N.J. Misc. 325, 53 A.2d 366 (1947); North Arlington v. Riverview Gardens, 26 N.J. Misc. 72, 56 A.2d 886 (1948). The former Supreme Court also ruled that the statute is mandatory. Duke Power Co. v. State Bd. of Tax Appeals, 129 N.J.L. 449, 454 (Sup. Ct. 1943), aff'd 131 N.J.L. 275 (E. & A. 1943). See also, Rice v. Newark, 136 N.J. Eq. 53, 54 (Ch. 1944). On a related point dealing with an appeal of an assessment to the Division of Tax Appeals our present Supreme Court said that "The right of appeal * * * is purely statutory and all applicable statutory requirements must be complied with to sustain such appeal." Newark v. Fischer, 3 N.J. 488, 493 (1950). See also Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157, 164 (1949). To the effect that in seeking review of an assessment all statutory criteria must be followed, see Hackensack v. Rubinstein, 37 N.J. 39, 44-45 (1962). Without timely filing of review petitions a county tax board or the State Division of Tax Appeals is without jurisdiction to grant the review sought. Clairol, Inc. v. Kingsley, 109 N.J. Super. 22, 25 (App. Div. 1970), aff'd 57 N.J. 199 (1970).
In light of our determination, there is no need to consider whether plaintiff should have taken an appeal from the Board's action to the State Division of Tax Appeals pursuant to N.J.S.A. 54:2-35 and 39.
Affirmed.