LARIO, J. T. C.
This complaint involves an appeal from a judgment issued by the Burlington County Board of Taxation dismissing, by reason of late filing, plaintiffs’ local property tax appeal. In their appeal plaintiffs named as the sole defendant the Burlington County Board of Taxation.
Defendant has filed a motion for summary judgment to dismiss plaintiffs’ complaint, claiming that the Burlington County Board of Taxation is not a proper party defendant, or, in the alternative, because plaintiffs’ original appeal to the county board was properly dismissed by the board because the complaint was filed out of time, and therefore no review is permitted by this court. In response thereto, plaintiffs filed a cross-motion for summary judgment to remand the matter to the county board with instructions to afford plaintiffs an opportunity to perfect an appeal under N.J.S.A. 54:3-21 as if their notice of appeal had been filed on or before August 15, 1981, and to consider the original petition on its merits.
Plaintiffs, mother and daughter, are joint owners of property located in Mansfield Township, described as Block 15, Lot 2A, on the township tax map, which they purchased in November 1978. *345 Plaintiffs attempted to contest the assessment placed on this property for the tax year 1981 by simultaneously filing with the Burlington County Board of Taxation a petition of appeal and an application for an extension of time within which to file the petition. Copies thereof were served upon the township’s clerk on September 4, 1981. A cover letter from plaintiffs’ attorney, stating that supplemental affidavits were being prepared, accompanied the petition and extension request. Plaintiffs’ petition, extension request and covering letter were dated September 3,1981 and they were received by the board on September 8, 1981.
Plaintiffs’ extension request was based upon their contention, which is repeated in their complaint filed with this court, that they never received their final 1981 tax bill and that they were not notified of the 1981 assessment until early September 1981.
In compliance with the tax administrator’s earlier request inquiring of all taxing districts within the county as to when each district’s tax bills had been forwarded, the tax collector of Mansfield Township had previously submitted a sworn statement by letter dated July 2, 1981 to the county board stating that final 1981 and preliminary 1982 tax bills were mailed to Mansfield Township taxpayers on July 1, 1981. In an affidavit dated September 8, 1981 and filed with the board on September 9, 1981, the tax collector certified that the final 1981 tax bill for plaintiffs’ property was mailed by July 1,1981 to the address set forth in the township’s 1981 tax duplicate, namely, 341 Center Street, Trenton, New Jersey.[1] The tax collector also stated that the tax bill had not been returned by the postoffice as of September 8, 1981.
On September 14, 1981 the county board dismissed the petition of appeal on the ground that it was filed out of time.
*346 Thereafter, the county board received an affidavit from each plaintiff which presumably were the supplemental affidavits referred to in their attorney’s cover letter of September 3, 1981. Both affidavits stated that the tax bill was never received “because it was sent to the wrong address.” [2] The affidavit of plaintiff Mary A. Kurtz additionally stated that plaintiffs had previously received a 1980 preliminary tax bill addressed to 341 Center Street, Trenton, New Jersey; however, in late 1980 when she called to obtain homestead rebate information she notified the tax office in Mansfield Township of the “error” and the clerk promised that the records would be noted and corrected. In the affidavit before the county board, plaintiffs did not dispute that the 1981 second-half tax bill was mailed, but they denied having received it. They contended that such mailing was ineffectual because an incorrect address was used.
In response to taxpayers’ affidavits the county board, by letter dated October 28, 1981, affirmed its previous judgment.[2] Plaintiffs then filed the instant appeal with this court, demanding “judgment requiring the Burlington County Board of Taxation to consider plaintiffs’ appeal for relief” or for this court “to make an independent adjudication thereof.”
Plaintiffs’ initial petition of appeal to the county board is a request for relief from an alleged overassessment placed on their dwelling house for local tax purposes by the township where it is located, Mansfield Township.
The New Jersey Constitution mandates that all real property assessed and taxed locally for the use of a taxing district shall be assessed according to the same standard of value. N.J.Const. (1947), Art. VIII, § 1, par. 1(a).
The Legislature implemented this section by the adoption of N.J.S.A. 54:4-1 et seq. which sets forth the statutory scheme for *347 the imposition of local real property taxes and their review. Among other provisions, it requires each district’s tax assessor to determine the full and fair value of each parcel of real property situate within his district as of October 1 of the pre-tax year. N.J.S.A. 54:4-23. The resulting valuation forms the basis of his assessment which is reported to the respective county boards of taxation. N.J.S.A. 54:4-35.
Following administrative review of the assessor’s municipal tax list, the assessments are then forwarded to the district’s tax collector, N.J.S.A. 54:4-55, who prepares a tax bill based upon the amount of the assessment. These tax bills, including thereon the property’s assessment, are then forwarded to each taxpayer. N.J.S.A. 54:4-64.
A taxpayer feeling aggrieved or discriminated against by the assessed valuation of his or other property in the county may, on or before August 15, appeal to the county board of taxation by filing with it a petition of appeal. N.J.S.A. 54:3-21. In the instant case plaintiffs’ right to file their appeal with the Burlington County Board of Taxation arises from the above-cited section.
In their petition of appeal plaintiffs contended that they were aggrieved by the assessment placed on their property by the tax assessor of Mansfield Township. Obviously, it is the action of the municipality, by its assessor, and the resulting tax levy, which is the object of plaintiffs’ complaint. A copy of the petition of appeal was served upon the clerk of the taxing district, which is referred to as the respondent, and the taxing district is afforded an opportunity to defend its assessment.
A county board of taxation hears and determines local property tax appeals in its capacity as a quasi-judicial body, and it “shall transmit a written memorandum of its judgments to the assessor of the taxing district and to the taxpayer . . . and in all cases where the amount of the tax to be paid shall be changed as the result of an appeal, to the collector of the taxing district. ...” N.J.S.A. 54:3-26.
*348 Jurisdiction of the Tax Court.to review actions of county boards of taxation is set forth by N.J.S.A. 54:2-39, which provides in pertinent part: “[A]ny party who is dissatisfied with the judgment of the county board of taxation upon his appeal may seek review of that judgment in the Tax Court by filing a complaint in the Tax Court....” (Emphasis supplied). It is clear that it is the judgment of the county board which is appealed to the Tax Court. The memorandum of judgment issued by the county board and forwarded to plaintiffs’ attorney (a copy of which is attached to the complaint), is entitled “Joan Kurtz, Petitioner v. Mansfield Township, Respondent.” There is no doubt therefrom that the parties named on the judgment and affected thereby are the taxpayers and the taxing district. On an appeal to this court from a judgment of the county board, the hearing is de novo. The dispute remains between the taxpayers and the taxing district and the latter is certainly an indispensable party. In the event that plaintiffs’ prayer for relief is granted, i.e., a lower assessment, plaintiffs’ tax bill will be reduced and it is the taxing district which must credit or refund taxes to plaintiffs. Although N.J.S.A. 54:2-40 requires that the county board be served with notice of an appeal from its judgment, the board is not a party to the litigation in a local property tax appeal to this court where the sole issue is the correct amount of the assessment levied by the taxing district.
For proper administrative purposes, county boards are required to have the results of any final assessments of all property within their county. Notices of appeal from county board judgments are served upon the board for their general information and also so that they have knowledge that their judgment under appeal is not a judgment final, and therefore, does not trigger the conclusive and binding provisions of the . Freeze Act. See N.J.S.A. 54:3-26. By requiring this notice, the Legislature did not make county boards party defendants.
Defendant’s motion to delete the Burlington County Board of Taxation as a party defendant is hereby granted.
*349 The second ground of the defendant’s motion to dismiss the complaint as having been filed with the county board out of time is denied without prejudice, in that the proper parties are not before the court. Also, there appears to be a conflict of material factual allegations, or they must be more fully explained, or additional facts are required. Leave is granted to the plaintiffs to present a motion to substitute the taxing district, Mansfield Township, as the proper defendant. A copy of the motion shall be served upon the clerk and upon the assessor of the taxing district, and the motion and proof of service shall be filed with this court in accordance with R. 8:7 within 14 days from the date hereof.
Plaintiffs’ cross-motion to remand the matter to the county board is denied in that the county board no longer has jurisdiction to hear and determine same since more than three months have elapsed after the last day for filing the appeal. N.J.S.A. 54:3-26;[3] Danis v. Middlesex Cty. Bd. of Taxation, 113 N.J.Super. 6, 9, 272 A.2d 542 (App.Div.1971).

There is no indication in any of the affidavits filed explaining why the address of 341 Center Street, Trenton, appears in the tax duplicate or why this is the “wrong address.”

Presumably the county board reconsidered the petition by reason of N.J.S.A. 54:3-21.4, which requires that both the tax collector and the taxpayer be given the opportunity to submit sworn statements regarding the sending and receipt of the tax bill where the collector has informed the county board that said bill was mailed or delivered to the taxpayer by July 15.

See N.J.S.A. 54:3-26.1 which permits the county board to apply to the Superior Court for an order to extend the time within which the appeals may be heard and determined upon the showing that the number of appeals before the board is sufficient to warrant an extension of time. However, this section is not applicable to the appeal under review.