RIMM, J.T.C.
This is a local property tax matter in which the issue before the court, on defendant’s motion to dismiss the complaint, is the timely filing of the petition of appeal with the Monmouth County Board of Taxation. The municipality contends that the county board of taxation has no jurisdiction because of late filing, and hence the Tax Court has no jurisdiction.
*350 The subject property is Block 138, Lot 1.55 on Howell Township’s tax map, and it is commonly known as 17 Dogwood Drive. The original assessment for the tax year 1990 was:
Land $ 20,000
Improvements 100,400
Total $120,400.
By a judgment dated April 30, 1991, and mailed on the same day, the Monmouth County Board of Taxation affirmed the original assessment. The judgment indicated judgment code 39 which reads, “Appeal received after filing deadline.” The judgment also revealed the words, “received after the filing deadline,” in explaining the basis for the judgment.
In support of its motion to dismiss the complaint, defendant municipality filed with the court a certification of its clerk in which he asserts that no petition of appeal for the tax year 1990 was served on his office on or before August 15, 1990. There is, however, attached to the certification a petition of appeal, Monmouth County Board of Taxation, dated April 16, 1991 signed by Michael S. Lamantia. The petition of appeal indicates that it was received in the office of the Monmouth County Board of Taxation on April 22, 1991. In the upper right-hand corner of this petition of appeal, dated April 16, 1991, are the words, “originally appealed 7/29/90.”
At the hearing on the motion, plaintiff-taxpayer stated that the appeal, dated April 16, 1991, was actually the second appeal that he filed for the tax year 1990. He produced a copy of a petition of appeal, Monmouth County Board of Taxation, which he said he prepared and dated July 29, 1990. He sent the petition in an envelope with two additional copies of the petition, one for the assessor and one for the Clerk of Howell Township, together with his check number 336, dated July 29, 1990, to the order of the Monmouth County Board of Taxation in the amount of $5. He stated that he placed the copies of the petition for the assessor and the clerk of the municipality in the same envelope with the petition for the Monmouth County Board of Taxation because he did not understand that he was to *351 send the copies to the assessor and clerk in separate envelopes. After he prepared the papers and put them all in one envelope addressed to the Monmouth County Board of Taxation, he placed the envelope in his own personal mailbox at his home on Dogwood Drive on July 29, 1990. It was his intention that the postman would take the envelope from his mailbox. He finally stated that he never received a notice of a hearing date before the Monmouth County Board of Taxation; his check never cleared his bank; and he was eventually told that the Monmouth County Board of Taxation never received his petition of appeal dated July 29, 1990. Sometime after receiving this information, he filed his second petition of appeal dated April 16, 1991. He had been advised that the petition would be dismissed for late filing, but that was the only basis on which he could file a complaint with the Tax Court.
The statute applicable to this matter provides as follows:
A taxpayer feeling aggrieved by the assessed valuation of his property, ... or a taxing district which may feel discriminated against by the assessed valuation of property in the taxing district may on or before August 15 appeal to the county board of taxation by filing with it a petition of appeal; ____[N.J.S.A. 54:3-21]
Compliance with this statutory filing requirement is an unqualified jurisdictional requirement. The failure to file a timely appeal is a fatal jurisdictional defect. “Without timely filing of review petitions a county tax board ... is without jurisdiction to grant the review sought.” Danis v. Middlesex County Board of Taxation, 113 N.J.Super. 6, 10, 272 A.2d 542 (App.Div.1971). The filing requirement is not met by delivery to the mails, and a petition of appeal received by a county board of taxation one day late was properly dismissed. Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38, 40-41 (Tax Ct.1982). The late filing of a petition of appeal with a county board of taxation deprives the board of jurisdiction to hear the matter.
Plaintiff claims a timely filing of his petition of appeal because of his mailing on July 29,1990. “[T]here is a presump *352 tion that mail matter correctly addressed, stamped and mailed was received by the party to whom it was addressed,____” Szczesny v. Vasquez, 71 N.J.Super. 347, 354, 177 A.2d 47 (App.Div.1962). The elements giving rise to the presumption are: (1) the correct address for the addressee; (2) the correct amount of postage; (3) the correct return address, a “significant element,” id. at 355,177 A 2d 47; and (4) proper posting or actual delivery to the post office, that is, deposit in a proper receptacle. The presumption that mail correctly sent was received requires the “ ‘conditions ... that the mail matter shall appear to have conformed to the chief regulations of the service, namely, that it shall have been sufficiently prepaid in stamps, correctly addressed, and placed in the appropriate receptacle’.” Id. at 354, 177 A.2d 47 quoting from 1 Wigmore, Evidence (3 ed. 1940), § 95 at 524.
The deposit of mail may be made only in a post office lobby, in collection boxes placed at convenient points, in mailboxes on rural routes, and in vertical improved mail mailrooms. Mail may also be handed to employees of the postal service under certain circumstances. Domestic Mail Services, Regs. 152.21,152.22,152.23,152.24 and 152.3, Domestic Mail Manual (Sept. 15, 1991), Issue 40 at 273. The personal mailbox of a property owner not on a rural route is therefore not an official receptacle for the collection of mail. Mail might remain in a mailbox without the postman knowing it is there if he does not have mail to deliver to that mailbox. The policy of the postal service is for the postman to pick up mail when he sees it in a private mailbox, but there is no obligation on the part of a mailman to “tap” the mailbox to see if there is any mail to be collected.
In the present case, there was no proper posting, no placing in an appropriate receptacle, nor actual delivery to the post office, of plaintiff’s envelope by which he allegedly sent his petition of appeal to the Monmouth County Board of Taxation on July 29, 1990. There is also no proof that a return address was on the envelope addressed to the county board of taxation *353 nor that there was adequate postage on the envelope. These items are not generally implied. Szczesny v. Vasquez, supra, 71 N.J.Super. at 356, 177 A.2d 47.
Since there was no proof of all of the elements of correct mailing of the petition of appeal to the county board of taxation, there can be no presumption that it was received by the county board. Johnson & Dealaman, Inc. v. Wm. F. Hegarty, Inc., 93 N.J.Super. 14, 20, 224 A.2d 510 (App.Div.1966). See Waite v. Doe, 204 N.J.Super. 632, 499 A.2d 1038 (App.Div.1985) (Proof of the correct addressing and due posting of a letter raised a presumption that it was received by the addressee.) If a county board of taxation does not have jurisdiction to hear a local property tax appeal, the matter cannot thereafter be heard in the Tax Court. A party must exhaust his administrative remedies at the county board of taxation within the statutory filing time limits or else this court does not have jurisdiction over the matter. Atlantic City v. Moltich, 3 N.J.Tax 147, 164 (Tax Ct.1981). Accordingly, the complaint filed by plaintiff in this matter with the Tax Court must be dismissed because of late filing with the Monmouth County Board of Taxation whose judgment was sought to be reviewed by the complaint.
In view of my finding that there was no proper mailing in this case and hence my conclusion that the presumption of receipt does not apply, I leave for the appropriate case the question of whether the presumption of receipt applies to tax cases. I would note, however, that our courts have consistently said that “[s]trict adherence to statutory time limit actions is essential in tax matters____” FMC Stores Co. v. Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985). Such a policy “is based upon the very nature of our administrative tax structure.” Galloway Tp. v. Petkevis, 2 N.J.Tax 85, 92 (Tax Ct.1982). The uniform rules adopted by the county boards of taxation and approved by the Director, Division of Taxation, pursuant to N.J.S.A. 54:3-14 also provide that a petition of appeal “shall be received and filed” on or before August 15. *354 N.J.A.C. 18:12A-1.6(b); emphasis supplied. Cf. Tolentino v. Oxford Tp., 4 N.J.Tax 173 (Tax Ct.1982) (dealing with service by mail when authorized).
Defendant’s motion to dismiss the complaint on the ground that the petition of appeal was filed late with the Monmouth County Board of Taxation is granted. The complaint is dismissed. Counsel for defendant will submit an appropriate judgment under R. 4:42-1.