PER CURIAM.
Plaintiff Eugene R. Paul appeals from a Tax Court decision that denied his appeal from an adverse decision of the Monmouth County Board of Taxation. The Tax Court also denied plaintiffs motion for reconsideration. We affirm.
Plaintiff is the owner of Lot 25, Block 43, in Upper Freehold Township, Monmouth County. Prior to 1993, that lot and a separate adjoining lot, designated Lot 25.07, were assessed as farmland. On December 3, 1992, plaintiff was notified by the tax assessor that his land would not be assessed as farmland in 1993.
Plaintiff has certified that upon receipt of that notification he personally met with the tax assessor. He contends that he was advised by the assessor that he could submit additional information to demonstrate that his land was qualified for assessment as farmland. Thereafter, plaintiff did submit additional information to the assessor.
On March 11, 1993, plaintiff received a letter from the tax assessor that stated in part:
Re: Block 43 Lot 25.07 1992 Tax Court Appeal
Dear Mr. Paul:
Please be advised that the roll back tax instituted on the above property was for $4,830.17, which covered the years 1990,1991, and 1992.
There will be no additional roll backs, providing that the property continues to qualify as farmland. Based on the proofs that you have submitted, farmland assessment was reinstated for the tax year 1993.
Plaintiff did not receive any communication respecting Block 43, Lot 25. When plaintiff received his tax bill for Block 43, Lot 25, he discovered that the lot was not assessed as farmland. Plaintiff filed an appeal with the Monmouth County Board of Taxation on November 22, 1993. That same date, the Board of Taxation dismissed the appeal as untimely. On January 4, 1994, plaintiff *714 appealed to the Tax Court. The Tax Court judge affirmed the dismissal of plaintiffs appeal to the Board of Taxation noting that plaintiffs appeal was untimely filed.
N.J.S.A 54:3-21 provides that an appeal by a taxpayer from a tax assessment must be filed by April 1 of the tax year in dispute. The April 1 filing date is a “non-modifiable jurisdictional requirement.” F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 423-24, 495 A.2d 1313 (1985). The Tax Court in Lamantia v. Howell Township, 12 N.J. Tax 347 (Tax 1992), has concluded that the late filing of a petition appealing a tax assessment deprives a Board of Taxation of jurisdiction to consider the appeal. Id. at 351. Additionally, if the County Board of Taxation does not have jurisdiction to hear a local property tax appeal, the dispute may not be presented to the Tax Court. Id. at 353.
Plaintiff erred in failing to file a tax appeal prior to April 1, 1993 for Block 43, Lot 25. Although he was notified that the assessment on Block 43, Lot 25.07 had been reassessed as farmland, he received no similar communication respecting Block 43, Lot 25. He had previously been advised that Lot 25 did not qualify for the farmland assessment. Plaintiff had no right to presume that Lot 25 would be reassessed by the written communication of March 11, 1993, which referenced only Block 43, Lot 25.07.
The judgment of the Tax Court denying plaintiffs appeal and his subsequent motion for reconsideration is affirmed.