MUSKINGUM WATERSHED CONSERVANCY DISTRICT, APPELLEE, *v.* STEINMETZ ET AL., APPELLANTS.

(Decided February 23, 1937.)

*Messrs. Wilkin, Fisher & Limbach,* for appellee.
*Mr. Huber J. Snyder* and *Messrs. Seikel, Seikel & Seikel,* for appellants.

SHERICK, J.   On February 26, 1936, the conservancy district filed with the Clerk of Courts of Tuscarawas county its appraisal record pursuant to Section 6828-30, General Code.   Thereupon the clerk caused to be published due notice that all persons excepting to any part thereof were required to file their exceptions on or before the 23rd day of March, which date was the tenth day after the last publication of notice.   On the 24th of March appellants filed their exceptions with the clerk.   Thereafter on November 21 the Conservancy Court confirmed the appraisal record and ordered that all exceptions filed after March 23 be stricken from the files.   Thereupon appellants, under Section 6828-34, General Code, filed their notice of appeal which the Conservancy Court denied on January 5, 1937.   From these two orders appeal is prosecuted.

Section 6828-32, General Code, which is particularly questioned, prescribes as follows:

"Any property owner may accept the appraisals in his favor of benefits and of damages and of lands to be taken made by the appraisers, or may acquiesce in their failure to appraise damages in his favor, and shall be construed to have done so unless he shall within ten days after the last publication provided for in the preceding section file exceptions to said report or to any appraisal of either benefits or damages or of land to be taken which may be appropriated."

The appellants concede that the court in *Miami County* v. *Dayton,* 92 Ohio St., 215, 110 N. E., 726, and *Conservancy District* v. *Bowers,* 100 Ohio St., 317, 125 N. E., 876, has held the act to be constitutional, but advance the rather unique argument that even if this be true, this court under the particular facts of this case may and should hold Section 6828-32 to be unconstitutional or at least inoperative as to them. The facts upon which this claim is made are that some four or five days before March 23 the appellants prepared their exceptions to the appraisal record and caused them to be mailed by registered mail, properly addressed, to the clerk; that by reason of an act of God intervening, to wit, an unprecedented flood condition, the same were not delivered to the clerk until the 24th of March; that ordinarily this mail would have reached the clerk's hand within a day or so. The question therefore presented is simply this: Does the mailing of these exceptions within ordinarily sufficient time for its receipt by the clerk bar the appellants of a jury trial when an act of God has made delivery within time impossible?

We are cited to but one authority, that being *Rutten* v. *Paterson,* 73 N. J. Law, 467, 64 A., 573, the third paragraph of the syllabus of which reads:

"A decision, based on stipulated facts, declaring that

a statute is unconstitutional does not wipe the act from the statute books, but merely denies its efficacy to a party who has admitted the existence of a state of facts which, in the opinion of the court, renders the law unconstitutional.''

Upon examination of this case it appears that the Legislature had enacted a statute pertaining to cities of the second class which provided for redistricting the wards in cities of that class. The city of Paterson, the only city in that class, redistricted its wards. It was not done strictly in accordance with the law. Thereafter the Legislature passed a curative act. It was held that the curative act, inasmuch as it was special legislation attempting to govern the internal affairs of a city's government, that is, a particular city, was inoperative and unconstitutional as to it, but of force and effect to cities of that class who might thereafter find themselves in need of such legislative curative aid. This is not the situation which now confronts this court.

It is this court's judgment that the constitutionality of Section 6828-32, General Code, has been upheld by our highest court. That having been determined, the matter is no longer debatable.

We find it repeatedly held, as disclosed by recourse to Words & Phrases, that a paper is said to be filed when it is delivered to the proper officer, and by him received to be kept on file.

Section 6828-32, General Code, prescribes that one may ''file exceptions to said report.'' The clerk was that proper officer in this instance with whom the exceptions were to be filed. *In re State, ex rel. Attorney General,* 185 Ala., 347, 64 So., 310, presents the situation of an application for a rehearing mailed to the court which its clerk did not receive within the rule. It was held:

''Manifestly the posting of an application, properly

addressed, is not a compliance with the rule. It must be filed within the period stipulated. The mail must and could only be the agent or agency of the party applying for rehearing. If there be delay in the transmission of the application by the mail, however free from fault or negligence the applicant may have been, it cannot be said that he has complied with this very necessary and wholesome provision of the rule. In mailing or otherwise transmitting the application, the chance of miscarriage or delay is a contingency, the happening of which the applicant must assume. Such miscarriage or delay will rarely occur; but when they do it cannot be affirmed that seasonable, proper posting answers the prescription of the rule.''

Neither does it answer the command of a statute even if the intervening cause of delay in delivery is an act of God. During the World War the mails were frequently delayed. It is frequently held that wars close the courts during hostilities and stop the running of statutes of limitations between belligerents. Yet the court in *Gorski's Case,* 227 Mass., 456, 116 N. E., 811, held posting in the mails not to be equivalent to a filing with the proper officer. *Gates* v. *State,* 128 N. Y., 221, 28 N. E., 373, is likewise in point.

It is our judgment that acts of God may be properly invoked in matters of compliance with contracts or relief from tort claims, but such an act can have no application to, or work an extension of, statutes which prescribe limitations and create repose of claims and demands which may be exercised in proper season. If a deposit in the mails is held to be equivalent to a filing with the proper public officer, then it might transpire that a letter properly addressed might eventually find its way into what is known as the dead letter office and years later be delivered to the addressee and be a sufficient filing of a document necessary to preserve a right. Its effect might then well be

to disturb a conclusion in a matter long since ended.

It is held in *Powell* v. *Koehler,* 52 Ohio St., 103, 39 N. E., 195, 26 L. R. A., 480, and reaffirmed in *McVeigh* v. *Fetterman,* 95 Ohio St., 292, 116 N. E., 518, at page 299, that:

"Exceptions in statutes of limitations in favor of persons under disability are construed strictly, and cannot be enlarged from considerations of apparent hardship or inconvenience."

This holding is in conformity to the rule as stated in 17 Ruling Case Law, 828 and 829, Section 190. It is therein aptly stated:

"As a general rule the courts are without power to read into these statutes exceptions which have not been embodied therein, however reasonable they may seem. It is not for judicial tribunals to extend the law to all cases coming within the reason of it, so long as they are not within the letter. * * * It is far better that occasionally one should suffer severely from the enforcement of the law, as the court finds it, than that they should endeavor to bend the law out of its manifest scope to avoid that result."

The judgment of the Conservancy Court must be affirmed.

*Judgment affirmed.*

MONTGOMERY, P. J., and LEMERT, J., concur.