MARGARET CREEK CONSERVANCY DIST., APPELLANT, *v.* ALBANY LIONS CLUB, APPELLEE.

(No. 632—Decided June 30, 1969.)

*Mr. William A. Lavelle*, for appellant.
*Mr. C. E. Berry*, for appellee.

STEPHENSON, J. This appeal is before this court on questions of law. The Margaret Creek Conservancy District, plaintiff-appellant, hereinafter referred to as Dis-

trict, is appealing from an order of the Court of Common Pleas refusing to grant a motion of the District to strike a request for jury determination of the value of real property by the Albany Lions Club, defendant-appellee, hereinafter referred to as Club.

The issue presented by the appeal is whether the Club is entitled to a jury trial on the question of compensation and damages for its property being appropriated by the District. The argument advanced by the District is that by failure of the Club to file exceptions to the appraisal report, as provided for by Section 6101.33, Revised Code, no appeal may be prosecuted for a jury determination from the sum set forth in the appraisal report. The Club asserts that the filing of exceptions is not a necessary prerequisite to the exercise of the constitutional right to a jury determination. The brief of the Club also asserts that notices of hearing required by Section 6101.32, Revised Code, were insufficient to put the Club on notice to file exceptions.

We dispose of the latter contention first. Section 6101.32, Revised Code, provides for a notice of hearing on appraisals. It provides, first, for a notice by publication. No complaint is made as to compliance with this portion of the statute. It further provides in the portion dealing with notice by mail:

"* * * if the report includes an appraisal of property of the addressee to be taken or damaged, a statement that such property or the damage thereto has been appraised and the dollar amount of the appraisal, and shall contain any volume designation and page number of the report at which any appraisal affecting the addressee appears and a brief description of the property appraised as referred to in Section 6101.31 of the Revised Code. In the case of property to be taken or damaged, the board of directors shall cause like notice to be mailed on the same date to all other known persons having an interest of record in such property whose tax mailing or other known address is disclosed by the affidavit referred to in this section. * * *"

The section provides further, in substance, that the secretary of the district shall file an affidavit that the proper notices were sent.

It is asserted in the Club's brief that the notice it received "failed to specifically set forth the dollar amount for damages and the specific property to be acquired and did not, with particularity, make reference to the volume designation and page on the Board of Appraiser's Record, all of which are a mandatory requirement to comply with and in accordance of the above statute."

In examining the records before us we find the required affidavit, and attached thereto a sample notice which provides blank spaces for a description of the land, appraisal of damages to land, amount of land taken, appraisal value of land and the page of the appraisal record affecting the property. We also find a journal entry, dated December 1, 1967, stating in part:

"* * * the court finds the proper notice of this hearing on the Report of the Board of Appraisers has been given according to law."

What we do not find is any bill of exceptions in which the actual notice to the Club is set forth, or a stipulation as to the contents of the actual notice, or other factual finding, other than the entry above referred to approving notice. Indeed, we do not even know whether this question was raised in the trial court. In essence, the alleged insufficiency in the notice rests only in the brief of counsel. We presume regularity and legality in the finding of the court of proper notice. *Beach* v. *Sweeney*, 167 Ohio St. 477.

This leaves for our determination the principal dispute as to whether exceptions must be filed under Section 6101.33, Revised Code, before an appeal from the award and a trial by jury can be had under Section 6101.35, Revised Code. It is our conclusion that no appeal for a jury determination is allowable herein.

Chapter 6101, Revised Code, provides a comprehensive plan for the organization, planning, financing, construction, operation, and specifically for the method of appraisal in determining benefits and damages arising from the creation of the district. No question is raised as to the right of eminent domain by the District.

Section 6101.31, Revised Code, provides for the filing of the appraisal report which shall include "the amount of

damages appraised and the appraised value of land or other property which may be taken for purposes of the district."

Section 6101.32, Revised Code, hereinbefore referred to, provides for notices of hearing on the appraisal report.

Section 6101.33, Revised Code, provides in part:

"Any property owner or public corporation may accept the appraisals in its favor of benefits and of damages and of lands to be taken made by the board of appraisers of a conservancy district, or may acquiesce in the board's failure to appraise damages in its favor, and shall be construed to have done so unless within thirty days after the last publication provided for in Section 6101.32 of the Revised Code, or such additional time as may be granted by the presiding judge of the court, it files exceptions to said report or to any appraisal of either benefits or damages or of land to be taken which may be appropriated. * * *"

Section 6101.34 provides:

"If it appears to the satisfaction of the court after having heard and determined all the exceptions filed pursuant to Section 6101.33 of the Revised Code that the estimated cost of constructing the improvement contemplated in the official plan is less than the benefits appraised, then the court shall approve and confirm the report of the board of appraisers of a conservancy district as modified and amended * * *."

Section 6101.35 provides:

"Any person or public or private corporation desiring to appeal from an award as to compensation or damages shall, within twenty days from the judgment of the court confirming the report of the board of appraisers of a conservancy district, file with the clerk of such court a written notice making demand for a jury trial, specifying the award or awards from which the appeal is taken. He shall at the same time file a bond with good and sufficient security to be approved by the clerk in the sum of not more than two hundred dollars to the effect that if the appellant does not recover more by the verdict of the jury than the sum awarded him by the board, or if the verdict is not more favorable to him, he will pay the costs of the appeal.

"The appeal shall be from the award of compensation or damages, or both, shall require the conservancy district to commence proceedings pursuant to Sections 163.01 to 163.22, inclusive, of the Revised Code, but shall not include the questions of necessity for the appropriation, inability of the parties to agree, or any other part of the decree of the court.

"Upon filing a petition as provided for in Section 163.05 of the Revised Code, a copy thereof shall be served upon each appellant or his attorney, and no other service of summons is necessary."

The Club herein asserts that Section 6101.35, Revised Code, is premised upon the constitutional right to a jury trial and the requirement of filing exceptions under Section 6101.33 is a directory provision only, which one may comply with or not as he wishes by the filing of exceptions. We do not agree.

The purpose of requiring the filing of exceptions is set forth in a *per curiam* decision by the Supreme Court in *Miami Conservancy District* v. *Bowers*, 100 Ohio St. 317, at page 318 as follows:

"Section 19, Article I of the Ohio Constitution, provides that 'Private property shall ever be held inviolate, but subservient to the public welfare. * * * Where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner.'

"Under such provision, before private property can be 'taken,' compensation must 'first' be made or secured and such compensation shall be assessed by a jury. Any act of the Legislature inconsistent with such constitutional provision would, of course, be invalid. The Conservancy Act has made ample provision for the assessment of compensation by a jury and expressly provides that land shall not otherwise be taken. Under the general provisions of Section 11046, General Code, proceedings in appropriation may not go forward until it is made to appear that the parties cannot agree. As a substitute for such general

provision, the Conservancy Act provides for the appointment of a board of appraisers, which, in addition to other duties assigned, may appraise the value of the land to be taken by the district for which settlement has not been made by the board of directors; and a property owner may accept the appraisals made by such board, and unless he files exception to the report of such board within the time designated by the statute he will be deemed to have accepted the same. In this instance there was a failure to agree, the property owner having filed exceptions to such report."

Section 11046, General Code, above referred to by the Supreme Court, provided in the chapter dealing with appropriation of private property by corporations that on a certain day a hearing was to be held to determine, among others, the inability of the corporation to agree with the owner. Section 11046, General Code, was re-enacted in the Revised Code as Section 2709.10 in substantially the same form. It was subsequently repealed and Chapter 163, Revised Code, enacted (131 Ohio Laws 1476), which provides for a statement in the petition of appropriation of the inability of the parties to agree and the property owner is given the right to set this issue forth in his answer and secure a hearing on the question. Also, it should be noted, the appeal procedure under Section 6101.35, effective January 1, 1966, now provides that the district shall commence proceedings under Chapter 163 to determine damages and compensation. However, the inability of the parties to agree may not be raised, the statute providing, "but shall not include the questions of necessity for the appropriation, *the inability of the parties to agree* or any other part of the decree of the court." Thus, disagreement with the appraisal report can still be raised only by the filing of the exceptions.

These subsequent enactments have not altered the validity of the reason given by the Supreme Court for filing exceptions under the statute.

We have found only one reported case in which exceptions were not timely filed. In *Muskingum Watershed Conservancy District* v. *Steinmetz*, 57 Ohio App. 502, the

land owner filed his exceptions one day late. The Conservancy Court approved the appraisal report and struck the late-filed exceptions. The appellate court assumed the effect of the late filing was to deny a right to a jury trial in that they stated the question before them to be, "Does the mailing of these exceptions within ordinarily sufficient time for its receipt by the clerk bar the appellants of a jury trial when an act of God has made delivery within time impossible?" The court affirmed the Conservancy Court in striking the exceptions.

In the briefs of both parties herein, they interpret Section 6101.33, Revised Code, to mean that if exceptions are not filed, the property owners are deemed to have acquiesced in the appraisal report. We do not so interpret it. The section provides, "Any property owner or public corporation may accept the appraisals in its favor of benefits and of damages and of lands to be taken made by the board of appraisers of a conservancy district, *or may acquiesce in the board's failure to appraise damages in its favor,* and shall be construed to have done so unless, within thirty days * * * it files exceptions to said report or any appraisal of either benefits or damages or of land to be taken which may be appropriated." (Emphasis supplied.)

We interpret this to mean that upon failure to file exception one shall be construed to have accepted the appraisers' report as to benefits, damages and land taken, and not merly acquiescing in the report as to these items.

In our opinion Sections 6101.33 and 6101.35, Revised Code, should be interpreted to be *in pari materia,* even though there is no express reference in the latter to the former. The reasoning of the Supreme Court in the *Bowers, case, supra,* sufficiently explains their relationship. Additionally, in determining the relationship between Sections 6101.33 and 6101.35, we have examined the original enactment of the Conservancy Act of the Legislature (1914), found in 104 Ohio Laws 13. Both sections are found in the original act. Section 6101.33 being designated Section 6828-32 and Section 6101.35 being designated Section 6828-34.

In 2 Sutherland Statutory Construction 537, it is stat-

ed that application of the rule that statutes *in pari materia* should be construed together is most justified in the case of statutes relating to the same subject matter that were passed at the same session of the Legislature, especially, if they were passed, approved or take effect on the same day.

The legislative intent of these sections enacted together is clear. Where one accepts the appraisal report as to damages or to land taken, or is deemed to have accepted by law, the matter is at an end. To hold otherwise is to render the requirements of Section 6101.33 nugatory.

Such provisions are not an invasion of the constitutional right to a jury. In December of 1968 the Ohio Supreme Court in *City of Cincinnati* v. *Bossert Machine Co.*, 16 Ohio St. 2d 76, construing the procedural requirements under Chapter 163 stated:

"Appellees claim, and the Court of Appeals held, that their right under Section 19, Article I of the Constitution, to have a jury fix the compensation for the property taken was violated by the instant procedure. But the right to a jury trial, though inviolate, may be waived. *Cassidy* v. *Glossip*, 12 Ohio St. 2d 17, *Bethesda Hospital Assn.* v. *Preston*, 175 Ohio St. 277. The constitutional guarantee of a jury trial, nonetheless permits the legislative branch to set forth procedures by which the jury is obtained. *Reckner* v. *Warner*, 22 Ohio St. 275. * * * Appellees' failure, without justification, to conform to those procedures constitutes waiver of a trial by jury."

Indeed, even earlier support can be found for this principle. *Cupp* v. *Board of Comm.*, 19 Ohio St. 173.

It is our conclusion that the order of the lower court overruling the motion to strike the demand for a jury trial was contrary to law and that the order should be reversed.

*Judgment reversed.*

GRAY. P. J., and ABELE, J., concur.