[Cite as *Licitri v. DiBaggio*, 2024-Ohio-1154.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

JOSEPH LICITRI

    Appellant

    v.

JOSEPH DIBAGGIO, et al.

    Appellees

C.A. No.    30887

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    2022 CVE 02491
               2022 CVE 00296

DECISION AND JOURNAL ENTRY

Dated: March 27, 2024

---

FLAGG LANZINGER, Judge.

**{¶1}** Joseph Licitri appeals the judgment of the Stow Municipal Court granting Joseph DiBaggio's motion for summary judgment. We affirm.

I.

**{¶2}** This case stems from a dispute between a condominium owner and his condominium association. In 2021, Licitri owned a condominium and was a member of the Independence Place South Condominium Association ("the Association"). The Association is governed by its board of directors ("the Board"). In May 2021, the Association notified Licitri that he was prohibited from teaching piano or conducting business from his condo. The Association delivered a letter asking him to discontinue operating his piano studio from his condo. On June 4, 2021, the Board held a meeting, during which Licitri presented his position on the matter. After that meeting, the Board did not issue a written decision relating to Licitri's piano business.

**{¶3}** On October 4, 2021, DiBaggio, acting as counsel for the Association, sent a notice to cure to Licitri. In the notice, DiBaggio demanded Licitri "cease and desist" operating his piano business from his condo. Licitri responded with his own letter, asserting that DiBaggio's notice violated R.C. 5311.081 because the Board had failed to issue a written notice of a charge against him and an opportunity to comply. In November and December of 2021, the Association delivered two invoices to Licitri that included the Association's attorney fees and late fees. Licitri refused to pay the invoices, asserting they were "fraudulent billing[.]"

**{¶4}** Acting pro se, Licitri filed a complaint against DiBaggio. Licitri also filed complaints against the Association's manager, and three of the Board's members. The civil suits were consolidated by the trial court. The claims against the other parties have since been voluntarily dismissed.

**{¶5}** In his complaint against DiBaggio, Licitri alleged gross negligence and intentional infliction of emotional distress. On March 25, 2022, DiBaggio filed a motion to dismiss the complaint eight days past the twenty-eight-day deadline for filing a responsive pleading. Though DiBaggio's motion was untimely filed, the record does not indicate that Licitri objected or filed a motion for default judgment. On the same day that DiBaggio filed his motion to dismiss, Licitri sought leave to plead to amend his complaint. On June 9, 2022, Licitri filed an amended complaint. DiBaggio filed a motion to dismiss Licitri's amended complaint which the trial court denied. DiBaggio filed a timely answer to Licitri's amended complaint.

**{¶6}** On July 24, 2023, DiBaggio filed a motion for summary judgment and Licitri filed a brief in opposition. The trial court granted summary judgment. Licitri now appeals raising two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FAILING TO ORDER A SUA SPONTE FOR DEFAULT JUDGMENT AGAINST DIBAGGIO IN MARCH 2022 WHEN DIBAGGIO'S RESPONSE TO LICITRI'S ORIGINAL COMPLAINT WAS EIGHT DAYS LATE. [sic]**

{¶7} In his first assignment of error, Licitri argues that the trial court erred when it failed to order default judgment against DiBaggio sua sponte. Licitri asserts that DiBaggio's response to his original complaint was untimely and therefore he is entitled to default judgment.

{¶8} Initially, this Court notes:

> that pro se litigants should be granted reasonable leeway such that their motions and pleadings should be liberally construed so as to decide the issues on the merits, as opposed to technicalities. However, a pro se litigant is presumed to have knowledge of the law and correct legal procedures so that he remains subject to the same rules and procedures to which represented litigants are bound. He is not given greater rights than represented parties, and must bear the consequences of his mistakes. This Court, therefore, must hold Appellants to the same standard as any represented party.

*First Communications, L.L.C. v. Helms*, 9th Dist. Summit No. 28174, 2016-Ohio-7586, ¶ 6*; Heller v. US Bank, N.A.*, 9th Dist. Summit No. 25493, 2011-Ohio-1514, ¶ 10.

{¶9} Licitri's argument relating to his first assignment of error does not comply with the required appellate rules. App.R. 16(A)(7) requires, in relevant part "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." In his first assignment of error, Licitri's argument is comprised of a single paragraph. Licitri does not cite a single authority in support of his assigned error.

{¶10} "An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority." *King v. Divoky*, 9th

Dist. Summit No. 29769, 2021-Ohio-1712, ¶ 13, quoting *State v. Watson*, 9th Dist. Summit No. 24232, 2009-Ohio-330, ¶ 5. "Moreover, it is not the duty of this Court to develop an argument in support of an assignment of error, even if one exists." *King* at ¶ 13, citing *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

{¶11} Because Licitri has failed to develop an argument and support his position in any way, he has not met his burden of demonstrating error on appeal regarding the trial court's failure to order default judgment sua sponte. *See Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 14. Accordingly, we decline to address Licitri's first assignment of error.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THE GENUINE MATERIAL FACTS IN DISPUTE AND IN THE LIGHT MOST FAVORABLY TO LICITRI, THE NONMOVING PARTY. THE STANDARD OF REVIEW IS DE NOVO.**

{¶12} In his second assignment of error, Licitri argues the trial court erred in granting DiBaggio's motion for summary judgment. We disagree.

{¶13} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992). A trial court does not have the liberty to choose among reasonable inferences in the context of summary judgment, and all competing inferences and questions of credibility must

be resolved in the nonmoving party's favor. *Perez v. Scripps-Howard Broadcasting Co.*, 35 Ohio St.3d 215, 218 (1988).

{¶14} The Supreme Court of Ohio has set forth the nature of this burden-shifting paradigm:

> [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some *evidence* of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996).

{¶15} Once the moving party meets its initial burden, "[t]he nonmoving party has a burden of rebuttal to supply evidentiary materials supporting his position, when the moving party presents evidentiary materials which deny the claim. In that situation, the nonmoving party cannot rely on the bare pleadings unsupported by evidentiary material." *Firth v. Hazlett*, 9th Dist. Summit No. 12972, 1987 WL 14039, *2 (July 8, 1987), quoting *Whiteleather v. Yosowitz*, 10 Ohio App.3d 272, 275 (8th Dist.1983). *See also Riley v. Montgomery*, 11 Ohio St. 3d 75, 79 (1984) ("The appellants may not merely rely on their pleadings, but are under an affirmative duty to present evidence of a genuine issue of material fact under Civ.R. 56(E)." "The general allegations of the appellants' answer are not sufficient to meet their burden on motion for summary judgment.").

{¶16} Here, DiBaggio met his initial burden of pointing to evidence demonstrating the absence of a genuine issue of material fact with regard to the duty element of Licitri's gross negligence claim. A successful gross negligence claim requires a plaintiff to "show a duty and breach of that duty as the direct and proximate cause of an injury." *GMAC Mortg. Corp. v. Titch*, 9th Dist. Medina No. 04CA0012-M, 2005-Ohio-868, ¶ 19, citing *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565, (1998). In Licitri's claim for gross negligence, he alleged that DiBaggio "failed to exercise a standard of care * * * to be expected from a licensed attorney * * *." In DiBaggio's motion for summary judgment, DiBaggio asserted Licitri's gross negligence claim must be construed as a legal malpractice claim and that DiBaggio owed no duty to Licitri. In support of his motion for summary judgment, DiBaggio provided an affidavit from DiBaggio, in which he averred that at all times relevant to the claims set forth by Licitri, he was acting within the scope of his attorney-client relationship with the Association. DiBaggio further averred that he never had an attorney-client relationship with Licitri.

{¶17} With regard to Licitri's claim for intentional infliction of emotional distress "a plaintiff must prove (1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Thomas v. Thomas*, 9th Dist. Summit No. 27153, 2014-Ohio-1714, ¶ 9, quoting *Phung v. Waste Mgt.*, Inc., 71 Ohio St.3d 408, 410 (1994). In DiBaggio's motion for summary judgment, DiBaggio asserted Licitri had not sought treatment for his alleged emotional distress. "Summary judgment is appropriate when the plaintiff presents no testimony from experts or third parties as to the emotional distress suffered and where the plaintiff does not seek medical or psychological treatment for the alleged injuries." *Hicks v. Cadle Co.,* 11th Dist. Trumbull Nos. 2018-T-0048, 2019-T-0023, 2019-Ohio-5049, ¶ 85,

quoting *Crable v. Nestle USA, Inc.,* 8th Dist. Cuyahoga No. 86746, 2006-Ohio-2887, ¶58; *see also Rhoades v. Chase Bank*, 10th Dist. Franklin No. 10AP-469, 2010-Ohio-6537, ¶21. In support of his motion for summary judgment, DiBaggio provided Licitri's response to DiBaggio's interrogatories, in which Licitri indicated he had not received any mental health treatment as a result of any acts or omissions on the part of Defendants. DiBaggio met his initial summary judgment burden with regard to both Licitri's claims.

{¶18} Licitri response to DiBaggio's summary judgement motion contained no Civ.R. 56(E) evidence. "Civ.R. 56 limits the types of materials that a court may consider in ruling on a motion for summary judgment to those enumerated in Civ.R. 56(C)." *Brezovar v. Am. Fam. Ins. Co.*, 9th Dist. Medina No. 08CA0084-M, 2009-Ohio-1710, ¶ 8. Attached to Licitri's response were (1) an article from cincybar.org about "the burgeoning scope of third-party legal malpractice liability in Ohio," (2) a copy of the October 4, 2021 notice to cure, (3) a copy of Licitri's October 14, 2021 letter in response, and (4) a transaction history accounting sheet for Licitri's homeowner's association fees between January 2021 and May 2022. The attachments to Licitri's response did not meet the requirements of Civ.R. 56(E), nor set forth specific facts showing that there is a genuine issue of material fact for trial.

{¶19} Construing the evidence in the light most favorable to Licitri, we conclude that Licitri failed to present evidence to support his claims. The trial court correctly concluded that DiBaggio was entitled to summary judgment.

{¶20} Licitri's second assignment of error is overruled.

### III.

{¶21} Licitri's assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JILL FLAGG LANZINGER
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JOSEPH LICITRI, pro se, Appellant.

TIMOTHY T. BRICK and MAIA E. JERIN, Attorney at Law, for Appellee.