[Cite as *Crookston v. Lykins*, 2024-Ohio-5131.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| ANTHONY CROOKSTON, ET AL. | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiffs-Appellants | : | | Hon. William B. Hoffman, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| MICHAEL J. LYKINS, D.O. | : | | Case No. 2024 CA 00063 |
| | : | | |
| Defendant-Appellee | : | | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case No. 2023 CV 00235


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 24, 2024


APPEARANCES:

For Plaintiffs-Appellants                     For Defendant-Appellee

ORVILLE L. REED, III                          BRIAN D. SULLIVAN
3475 Ridgewood Road                           BRIANNA M. PRISLIPSKY
Akron, OH  44333                              200 Public Square, Suite 1200
                                              Cleveland, OH  44114

*King, J.*

{¶ 1}　Plaintiffs-Appellants, Anthony and Stephanie Crookston, appeal the April 19, 2024 judgment entry of the Court of Common Pleas of Stark County, Ohio, granting summary judgment to Defendant-Appellee, Michael L. Lyons, D.O.　We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}　The facts are not in dispute.　On January 25, 2021, appellants sent appellee a 180-day letter informing appellee of an ongoing investigation for a possible medical malpractice claim, extending the one-year statute of limitations.　R.C. 2305.113(A) and (B)(1).

{¶ 3}　On July 23, 2021, appellants filed a medical malpractice complaint against appellee.　The complaint was voluntarily dismissed on November 14, 2022.

{¶ 4}　On February 9, 2023, appellants refiled their complaint.　On November 29, 2023, appellee filed a motion for summary judgment, claiming appellants' claim was time barred by the one-year statute of limitations under R.C. 2305.113(A).　Appellee argued appellants' 180-day letter to extend the statute of limitations failed to comply with R.C. 2305.113(B)(2) because the letter was served by FedEx Express instead of the United States Postal Service.　By judgment entry filed April 19, 2024, the trial court granted the motion, finding "certified mail, return receipt requested" does not mean anything other than certified mail through the United States Postal Service and therefore, the 180-day letter sent by FedEx did not extend the statute of limitations.

{¶ 5}　Appellants filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS BY RULING, AS A MATTER OF LAW, THAT BECAUSE APPELLANTS' WRITTEN NOTICE THAT THEY WERE CONSIDERING BRINGING AN ACTION UPON A MEDICAL CLAIM PURSUANT TO R.C. 2305.11(B)(1)(2)(b) AGAINST APPELLEE WAS TRANSMITTED TO APPELLEE BY FEDERAL EXPRESS, RETURN RECEIPT REQUESTED, RATHER THAN BY U.S. MAIL, RETURN RECEIPT REQUESTED, THAT NOTICE WAS INVALID.   AS A CONSEQUENCE, APPELLANTS' ACTION FOR MEDICAL MALPRACTICE AGAINST APPELLEE WAS BARRED BY THE APPLICABLE ONE YEAR STATUTE OF LIMITATION SET FORTH IN R.C. 2305.113(A)."

I

{¶ 7}   Appellants claim the trial court erred in granting summary judgment to appellee.  Specifically, appellants claim the trial court erred in finding the 180-day letter extending the statute of limitations must be served by U.S. certified mail as opposed to FedEx.  We disagree.

{¶ 8}   Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Regarding summary judgment, the Supreme Court stated the following in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448 (1996):

> Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as

a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

{¶ 9}  As an appellate court reviewing summary judgment motions, we stand in place of the trial court and review the issues de novo, under the same standards and evidence as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶ 10} Under R.C. 2305.113(A), "an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrued." Under subsection (B)(1), the time can be extended:

> If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.

{¶ 11} A claimant "shall give that notice by sending it by certified mail, return receipt requested." R.C. 2305.113(B)(2).

{¶ 12} For purposes of the motion, the parties stipulated the letter dated January 25, 2021, was delivered by FedEx to appellee's office on January 26, 2021, and was signed for by the receptionist at the front desk. Upon receipt of the letter, appellee contacted his liability insurance company and transmitted a copy of the letter to the company. Stipulation filed December 20, 2023. The narrow issue for the trial court was whether service by FedEx (signature required) met the requirement for service under R.C. 2305.113(B)(2).

{¶ 13} When endeavoring to determine the meaning of a legislative act, a court should generally seek to establish the ordinary meaning of the act. *Butt v. Butt*, 2024-Ohio-4689, ¶ 36 (5th Dist.). This is typically the first undertaking because the ordinary meaning cannon vindicates important concerns in our divided system of government. First among them is that "[o]nly the written word is the law," and the power to bind people to that written word is typically vested in the various legislatures in the United States. *See Bostock v. Clayton County, Georgia*, 590 U.S. 644, 653 (2020). In writing for the Court, Justice Gorsuch noted that failure to give proper judicial enforcement to the text and meaning of a statute would allow for improper amendment and hamper the reliance interest of all people subject to that law. *Id.* Doing so in either case would be outside the proper role of the judiciary.

{¶ 14} Our starting point then is to first ascertain the ordinary meaning of "certified mail, return receipt requested" and give it force in the case before us.

{¶ 15} The Ohio Revised Code does not define "certified mail, return receipt requested." Black's Law Dictionary (12th ed. 2024), defines "mail" as follows in pertinent part:

> **mail** *n.* (13c) **1.** One or more items that have been properly addressed, stamped with postage, and deposited for delivery in the postal system. **2.** An official system for delivering postal packets; the postal system . . . .
>
> - **certified mail** (1955) Mail for which the sender requests proof of delivery in the form of a receipt signed by the addressee. The receipt (a green card, which is usu. referred to as such) must be signed before the mail will be delivered. - Also termed *certified mail, return receipt requested*; (BrE) *registered post*; *recorded delivery.*

{¶ 16} In consideration of how we think an ordinary litigant or attorney would read this statute, in conjunction with the evidence of the meaning supplied by Black's Law Dictionary, we think the ordinary meaning excludes service by a commercial carrier such as FedEx. In order to be certain the ordinary meaning cannon is conclusive, we should also consider the broader context of the statute under examination. *See State v. Havens*, 2024-Ohio-2204, ¶ 17 (5th Dist.); *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 228 (2014) (Scalia, J.); *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 569 (2012) (Alito, J,); *FCC v. AT & T Inc.*, 562 U.S. 397, 404 (2011) (Roberts, C.J.). We next turn to appellants'

arguments to determine whether they overcome our initial conclusion about the meaning of the statute.

{¶ 17} In support of their position that FedEx delivery was proper, appellants point to the 2012 amendments made to Civ.R. 4.1, "Process: methods of service." In 2012, the rules were amended to provide service of process by the clerk by "United States certified or express mail" or by "Commercial Carrier Service." Civ.R. 4.1(A)(1)(a) and (b). Appellants argue since 2012, the Supreme Court of Ohio "has recognized that delivery by commercial carriers of a mailing that requires signature upon delivery is tantamount to 'certified mail' delivered by the U.S. Postal Service;" "the services of the U.S. Postal Service and commercial carriers are identical, interchangeable and are treated uniformly." Appellants' Brief at 8, 9. Appellants argue there is no longer "a substantive difference between a certified mailing through the U.S. Postal Service and a mailing by a commercial carrier (*e.g.* Federal Express) that requires a signature upon receipt." *Id.* at 10. Appellants do not cite to any Supreme Court cases in support.

{¶ 18} Conversely, appellee also cites to Civ.R. 4.1 to advocate his position that FedEx delivery was improper. Appellee argues the amendments to the rule make a distinction between "certified mail" requiring "return receipt" and commercial carrier service requiring "a signed receipt." Appellee's Brief at 9. Appellee argues "because the General Assembly can - and has - authorized service by commercial carriers, it can be assumed that the General Assembly intentionally did not do so within R.C. 2305.113(B)(2), given its conspicuous omission of same." *Id.* at 11. This related, contextual evidence supports our conclusion above that the ordinary meaning controls the outcome here.

{¶ 19} The trial court conducted a thorough and lengthy analysis of the parties' arguments and acknowledged it "cannot locate any primary, binding authority on point." April 19, 2024 Judgment Entry at 5. The trial court reviewed cases from other states that found certified mail was not equivalent to delivery by FedEx. The trial court then reviewed Civ.R. 4.1 and noted service by commercial carrier service was only permitted as a result of the 2012 amendments. The trial court determined the following:

> The Ohio Civil Rules were later amended to explicitly allow service by commercial carrier and R.C. 2305.113(B)(1) does not contemplate service in accordance with the Ohio Civil Rules. The analogy therefore is not drawn that because the Civil Rules were amended to allow commercial carrier service, R.C. 2305.113(B)(1) likewise allows for service by commercial carrier, such as FedEx. Instead, it is that Civ.R. 4.1 required amendment to allow for service by commercial carrier *because* service via FedEx *is not* the same as "certified mail" service.

(Emphasis in original.) *Id.* at 8-9.

{¶ 20} The trial court noted other statutes were amended to permit certified mail or commercial carrier service, but R.C. 2305.133(B)(2) continues to require notice by sending it certified mail, return receipt requested. *Id.* at 9; *See* R.C. 3772.031(C), 1311.87(B)(6), 4513.60(A)(2). We could speculate this was an oversight by the General Assembly, but our obligation remains clear: avoidance of the the written law and, worse

yet, amending it by judicial order would invade the powers of the legislature. Instead, we should do our duty to apply the law as written.

{¶ 21} So, we concur with the trial court's observation the decision is a harsh outcome, but we agree with the trial court's analysis that it is the proper outcome. The General Assembly has chosen to amend certain statutes to include commercial carrier service, but has chosen not to include R.C. 2305.113(B)(1) in that change. In amending Civ.R. 4.1, the legislature differentiated between service by United States certified mail and service by commercial carrier service; we do not find "certified mail, return receipt requested" to be ambiguous in the context of R.C. 2305.113(B). To liberally construe "certified mail, return receipt requested" as equal to commercial carrier service in R.C. 2305.113(B) is to insert another avenue of service that is not there. Certified mail is sent via the official postal system which is the United States Postal Service, not a commercial entity.

{¶ 22} Our colleagues from the Ninth District found service of process via FedEx prior to the Civ.R. 4.1 amendments was improper, notwithstanding the fact that the Summit County Common Pleas Court had issued a standing order designating FedEx and its employees as process servers for the court. *Hall v. Crystal Clinic Inc.*, 2018-Ohio-5314 (9th Dist.); *see also Emerson Family Ltd. Partnership v. Emerson Tool, L.L.C.*, 2012-Ohio-5647, ¶ 32 (9th Dist.). The court in *Hall* quoted from a prior opinion: "'Although courts should strive to hear cases on their merits whenever possible, "the Civil Rules are not just a technicality, and we may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements."'" *Id.* at ¶ 17, quoting

*Suiter v. Karimiam*, 2015-Ohio-3330, ¶ 24 (9th Dist.), quoting *LaNeve v. Atlas Recycling, Inc.,* 2008-Ohio-3921, ¶ 23.

{¶ 23} Perhaps in the future the legislature will amend R.C. 2305.113(B) to include commercial carrier service, but until that time comes, we find, as the trial court did, that the legislature specifically chose not to amend the statute and we do not read "certified mail, return receipt requested" to include service by commercial carrier service; we must follow the ordinary meaning of the text.

{¶ 24} The sole assignment of error is denied.

{¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.

By King, J.

Delaney, P.J. and

Hoffman, J. concur.

*Hoffman, J., dissenting*

{¶26} I respectfully dissent from the majority opinion. I would reverse the trial court's judgment granting Appellee summary judgment.

{¶27} The majority reasons, "To liberally construe 'certified mail, return receipt requested' as equal to commercial carrier service in R.C. 2305.113(B) is to insert another avenue of service that is not there." (Maj. Op. at ¶21). I suggest to strictly construe the same to require the manner of sending the notice be accomplished only by the United States Postal Service inserts a limitation not found within the language of the statute itself.

{¶28} The issue is what is the ordinary meaning of "certified mail, return receipt requested." What is commonly understood by most people may not be the same thing as the "ordinary meaning" of a term. The majority speculates an "ordinary litigant or attorney" would understand the term, when read in conjunction with the meaning supplied by *Black's Law Dictionary*, to exclude service by a commercial carrier. (Maj. Op. at ¶16). While I question whether an "ordinary litigant" would consult *Black's Law Dictionary* to ascertain the meaning of the phrase, let alone even know of its existence, and while I believe (speculate) most attorneys would find it unnecessary to consult *Black's* for the definition, I accept the common understanding of many, if not most people, would be to associate the phrase with the U.S. Postal Service as that governmental agency has a long history of providing that service. Yet, I maintain the common understanding does not necessarily equate to, or otherwise limit, the "ordinary meaning" of the term.

{¶29} The notice provided in R.C. 2305.113(B)(1) is required to be given by sending it certified mail, return receipt requested. R.C. 2305.113(B)(2). As used in the statute, "mail" is a noun, which is modified by the adjective "certified." The act of "sending it" is a verb. The manner in which the sending is to be effected is not specified other than

it be certified with a return receipt requested.  As stipulated by the parties, that was, in fact, satisfied in this case.  The statute does not specify or limit by whom the delivery (as opposed to the sending) must be made.

{¶30}  I think it is important to examine the purpose of R.C. 2305.113(B)(1).  While I acknowledge R.C. 2305.113(A) sets forth the applicable statute of limitation as one year and is acknowledged to be substantive law; therefore, strictly construed, I consider R.C. 2305.113(B)(1) to be an exception to that statute of limitation.  As such, it should be liberally construed to effectuate the remedy it provides.  As the Ninth District recognized, yet refused to follow, in its decision in *Hall v. Crystal Clinic, Inc.,* 2018-Ohio-5314 (9th Dist.), "… courts should strive to hear cases on their merits whenever possible…" *Id.* at ¶17.

{¶31}  The purpose of R.C. 2305.113(B)(1), is to provide a potential defendant notice a potential plaintiff is considering bringing an action against them within 180 days.  R.C. 2305.113(B)(2) is designed to prove such notice was actually sent by a plaintiff and received by the potential defendant.  That purpose was admittedly satisfied in this case.

{¶32}  I recognize the trial court's and majority's argument R.C. 2305.113(B)(2) was not amended to include other commercial carriers as was done in other statutes.  The absence of the language certainly weakens any argument the legislature's failure to do so in R.C. 2305.113(B)(2) was mere oversight.

However, I cannot conclude it conclusively establishes it was not. Regardless if by design or oversight, I find to interpret the statute that the United States Postal Service is the only authorized carrier to accomplish the purpose of the notice-a designation not specifically made in the statute-is overly restrictive and defeats the remedial purpose of the statute.