[Cite as *State v. Arroyo*, 2025-Ohio-1870.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellee | : | | Hon. Robert G. Montgomery, J. |
| | : | | Hon. Kevin W. Popham, J. |
| -vs- | : | | |
| | : | | |
| HECTOR ARROYO | : | | Case No. 2024 CA 0055 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Court of Common
                                        Pleas, Case No. 2021-CR-0491


JUDGMENT:                               Reversed


DATE OF JUDGMENT:                       May 22, 2025


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

MEGAN HOBART                            WESLEY C. BUCHANAN
38 South Park Street                    50 South Main Street
Mansfield, OH  44902                    Suite 625
                                        Akron, OH  44308

*King, J.*

{¶ 1}   Defendant-Appellant Hector Arroyo appeals the July 19, 2024 judgment of conviction and sentence of the Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio. We reverse the trial court.

<u>Facts and Procedural History</u>

{¶ 2}   On June 17, 2021, the Richland County Grand Jury returned an indictment in case number 2021CR0491R charging Arroyo with one count of failure to provide a change of address, a felony of the first degree. A warrant for Arroyo's arrest issued the same day. Arroyo was incarcerated on an unrelated matter at the time.

{¶ 3}   On June 1, 2023, pursuant to R.C. 2941.401, Arroyo caused to be delivered to the Richland County Prosecutor's Office a notice of availability and a request for final disposition of the June 17, 2021 indictment. The Richland County Prosecutor's Office received the request on June 8, 2023.

{¶ 4}   The docket then shows Arroyo's video arraignment was continued five times. No documentation of any type accompanies the continuances with the exception of an order continuing Arroyo's December 7, 2023 arraignment due to a scheduling error and the unavailability of the video network at the Lorain Correctional Institution where Arroyo was incarcerated. According to the available record, Arroyo was not arraigned until December 21, 2023.

{¶ 5}   Following several additional continuances, the matter was set for trial on July 15, 2024. On that day, however, Arroyo elected to withdraw his former plea of not guilty and plead guilty as charged. He was subsequently sentenced to 6 to 9 years of incarceration.

{¶ 6}   Arroyo timely filed an appeal and the matter is now before this court for consideration. He raises three assignments of error as follow:

I

{¶ 7}   "THE TRIAL COURT LOST JURISDICTION, BECAUSE HECTOR'S SPEEDY TRIAL RIGHTS WERE VIOLATED."

II

{¶ 8}   "HECTOR'S PLEA WAS NOT KNOWINGLY, INELLIGENTLY, AND VOLUNTARILY MADE."

III

{¶ 9}   "HECTOR RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS."

I

{¶ 10} In his first assignment of error, Arroyo argues because the State failed to bring him to trial within 180 days, the trial court lost subject matter jurisdiction. We agree.

One Hundred Eighty Days

{¶ 11}   We begin with the language of the statute. R.C. 2941.401 states:

> When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, the prisoner shall be brought to trial within one hundred eighty days after the prisoner causes to be delivered to the prosecuting attorney and

the appropriate court in which the matter is pending, written notice of the place of the prisoner's imprisonment and a request for a final disposition to be made of the matter, except that for good cause shown in open court, with the prisoner or the prisoner's counsel present, the court may grant any necessary or reasonable continuance.

. . .

If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

Supreme Court of Ohio Precedent

{¶ 12} The Supreme Court of Ohio has twice examined this statute and found it unambiguous: declaring its duty was simply to apply the statute as written. *State v. Dillon*, 2007-Ohio-3617; *State v. Hairston*, 2004-Ohio-969. In *Dillon*, this court reversed a conviction upon a plea of no contest because the warden was requested to serve the prosecuting attorney with the notice of untried indictment, failed to do so, and the 180-day period ran. *Dillon* at ¶ 23. In affirming this court, the Court concluded, "[b]ecause of the R.C. 2941.401 speedy-trial violation, the trial court had no further jurisdiction over this matter." *Id.*

{¶ 13}   Because of the similarities between the two cases, we believe we should follow the Supreme Court of Ohio's *Dillon* precedent. Here, the record is sparse. It does not make it clear when Arroyo first received notice of the indictment. But we know on June 1, 2023, he sent notice to the warden who in turn gave notice to the Richland County Prosecuting Attorney of his right to be tried on Case No. 2021CR0491R. The record shows that the prosecuting attorney received this notice on June 8, 2023. Based on this sequence of events, November 28, 2023, was the last day upon which to try Arroyo. Not only was Arroyo not brought to trial within this time period, he never received his initial appearance.

{¶ 14}   As the Supreme Court of Ohio has directed, our duty here is to simply apply the statute. R.C. 2941.401 unambiguously requires a defendant be brought to trial within 180 days of providing proper notice. From examining the record, it is clear that no trial occurred within the required time frame. What is more, the record is devoid of any tolling events.

{¶ 15} Based on documents from the Ohio Department of Rehabilitation and Correction (ODRC) which Arroyo included in his notice to the prosecuting attorney, we know he was in ODRC custody with a set release date of December 28, 2023. Although the docket shows several attempts to schedule a video arraignment, no entry of any sort accompanies those dates until the docket entry for December 8, 2023. That judgment entry notes the hearing could not be held on December 7, 2023 because of a "scheduling error" by ODRC. The record shows Arroyo was not afforded an initial hearing until December 21, 2023. At that hearing, he was arraigned and bond was set. On or about

December 27, 2023, he was finally conveyed to the Richland County jail, where he remained in custody until he was sentenced on case number 2021CR0491R.

{¶ 16} Before the December 8, 2023 entry, there is nothing in the record to establish that the trial court complied with the statute. Although the statute does allow "reasonable and necessary" continuances as an exception to the 180-day period, it imposes important limitations on the court's authority to continue the case. These are the following: 1) a showing of good cause; 2) a hearing in open court; 3) the presence of the defendant, and 4) the presence of defendant's counsel. None of these things occurred. In fact, although Arroyo requested counsel, there is no evidence counsel appeared until the December 21, 2023 hearing.

## No Presumption of Regularity

{¶ 17}  While it may be argued that in the face of a silent record this court should presume regularity and toll that entire period prior to arraignment, we find in this situation, that would go too far. The standard is "in the absence of evidence to the contrary, courts will presume public officers have properly performed their duties." *State ex rel. Hicks v. Clermont Cty. Bd. of Commrs.*, 2022-Ohio-4237, ¶ 21. The record here facially demonstrates nonfeasance of statutory duties. If the presumption of regularity were allowed to be used in a situation such as this one, nonfeasance of public officers would be regularly rewarded and the rights of the people frequently frustrated. The purpose of the doctrine is to give public officers the benefit of the doubt in the absence of evidence; it is not a judicial get-out-of-jail-free card for nonfeasance. Indeed, in *Dillon*, the Supreme Court of Ohio held "[p]ermitting a warden or superintendent to avoid complying with the duty imposed by R.C. 2941.401 would circumvent the purpose of the statute and relieve

the state of its legal burden to try cases within the time constraints imposed by law." *Dillon*, 2007-Ohio-3617, at ¶ 23. To relieve the affirmative duty of the state to proceed within 180 days completely negates the right and procedures that the General Assembly created here.

{¶ 18} Because no tolling took place prior to the 180-day period running, the remaining question is what to do. Here too we follow *Dillon* and vacate the conviction. Not only is that the remedy previously used by the Court in *Dillon*, it is required by the statute itself as cited above: "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice." R.C. 2941.401.

Arroyo's Guilty Plea Does Not Waive His Right to Challenge the Court's Subject-Matter Jurisdiction.

{¶ 19} This matter is not distinguishable from *Dillon* on the basis that Arroyo pled guilty, rather than plead no contest. Here, it is a distinction without a difference. We have previously held the following: "A plea of guilty operates as a waiver of all rights except those that go to the subject matter jurisdiction of the trial court." *State v. Patterson*, 2004-Ohio-1569, ¶ 13 (5th Dist.). Thus, no matter whether the plea was no contest or guilty, the absence of subject matter jurisdiction negated the proceedings—as explained below.

{¶ 20} In determining whether the statute divested the court and prosecuting attorney of authority to proceed, we must consider the ordinary meaning of the clauses "no court any longer has jurisdiction thereof" and "the indictment, information, or complaint is void." *Crookston v. Lykins*, 2024-Ohio-5131, ¶ 13 (5th Dist.). The only

conclusion we can reach is that the court lacked subject matter jurisdiction to proceed after November 28, 2023. We conclude that for the following reasons.

{¶ 21} First, the indictment against Arroyo was deemed a nullity. In such a case, neither the court nor the prosecuting attorney had the power to proceed further with a criminal proceeding. Moreover, the General Assembly took away the authority from any court to hear this case on day 181 and that reads most naturally as a withdrawal of subject matter jurisdiction from all Ohio courts. No other type of jurisdiction, e.g., personal or territorial, makes sense contextually. Finally, the General Assembly directed the court to enter a dismissal with prejudice, meaning the action can never be refiled in an Ohio court. In sum, the ordinary and only meaning of this section is to eliminate subject matter jurisdiction for Arroyo's case.

{¶ 22} Because we conclude the trial court lacked jurisdiction to arraign, try, or accept a plea from Arroyo after 180 days had lapsed, we sustain the first assignment of error.

## II, III

{¶ 23} Given our resolution of the first assignment of error, we find Arroyo's remaining two assignments of error moot.

## Conclusion

{¶ 24} Arroyo's conviction is vacated and the matter is remanded to the trial court with instructions to enter a dismissal with prejudice.


By: King, P.J. and

Popham, J. concur,

Montgomery, J. dissents.

Montgomery, J., *dissenting*

{¶25} Because I believe the Appellant's speedy trial rights were not violated under R.C. 2941.401, I would affirm the trial court in all respects.

{¶26} I agree with the majority that generally, pursuant to R.C. 2941.401, if an action is not brought to trial within one hundred eighty days of the written notice to the court and prosecutor, the court lacks jurisdiction over the pending charges. However, I write to address the express language stating "except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance." Under the facts and record of this case, I find reasonable and proper tolling occurred such that Appellant's speedy trial rights were not violated.

{¶27} The court docket reveals that once the Richland County Court of Common Pleas received the notice of untried indictment on June 9, 2023, it *promptly* set a hearing for June 21, 2023. That hearing was "rescheduled" to July 13, 2023, for a "video arraignment." The State contends that on July 13, Appellant did not appear. Thereafter, the docket reflects the matter was "rescheduled" for "video arraignment" at least **five additional times** without a corresponding Entry or Order. There is nothing on the docket or otherwise in the record to determine the exact reasons for these rescheduled arraignments - except one Entry dated December 7, 2023, stating the video arraignment must be rescheduled due to video scheduling conflicts on the part of ODRC.

{¶28} Finally, on December 21, 2023, appellant was formally arraigned. A pretrial was set for January 8, 2024, and a trial date was set for March 18, 2024. On March 1, 2024, defense counsel requested a continuance of the trial date due to a scheduling conflict. The court set a new trial date for April 23, 2024. That trial date was continued a second time, due to court scheduling conflicts, until July 15, 2024. In the meantime, defense counsel and the State conducted negotiations regarding the matter.

{¶29} On July 15, 2024, as the result of said negotiations, appellant changed his plea to guilty to the sole count of the indictment and the State agreed to a vastly reduced sentence of 6-9 years rather than the potential 11-16.5 years in prison. That same day, the court held a change of plea and sentencing hearing. Although there is nothing specific in the docket to determine the exact reason for the rescheduled "video arraignments," there is likewise nothing to suggest that such was improper, as the majority implies. In fact, the only reason is one offered by the State, who contends that Appellant failed to appear at his initial video arraignment on July 13, 2023.

{¶30} The majority contends that under the statute, any continuance must be for good cause, with the defendant or defendant's counsel, and in open court and that none of those things took place. However, I am uncertain as to what mechanism the court may use to reasonably continue if a defendant or defense counsel does in fact, fail to appear. A review of the *scant* record in this matter indicates that Appellant's defense counsel (and perhaps the State) was unclear about the degree of the felony under Massachusetts law for failing to register. Thus, while it is *plausible* that the State somehow delayed, or that the trial court improperly delayed Appellant's trial, it is *equally plausible* that it was Appellant's own actions that delayed this matter. Under *Bauer,* a defendant "will not be permitted to enjoy the protection of [the speedy trial statutes], as to a time period prior to his failure to appear, when by his actions he has waived their benefits." *State v. Bauer* (1980), 61 Ohio St.2d 83, 84–85 (1980).

{¶31} Appellant provides no argument, no explanation, and no evidence that the trial court acted improperly in rescheduling the video arraignment. Here, we know the trial court promptly scheduled Appellant's initial arraignment for July 13, 2023. According to the State, Appellant failed to appear. Then it is inexplicably rescheduled five additional times. Unlike the facts in *Dillon*, cited by the majority, the State and the trial court acted as soon as Appellant filed the requisite notice of the untried indictment.

{¶32} An appellant bears the burden of formulating an argument on appeal and supporting that argument with citations to the record and to legal authority. *King v. Divoky*, 2021-Ohio-1712, ¶ 13, quoting *State v. Watson*, 2009-Ohio-330, ¶ 5. It is not this Court's duty to support an assignment of error, even if one exists. *King* at ¶ 13; *Licitri v. DiBaggio*, 2024-Ohio-1154, ¶ 10, *appeal not allowed,* 2024-Ohio-2718, ¶ 10. The majority writes "[b]efore the December 8, 2023, entry, there is nothing in the record to establish that the trial court complied with the statute." However, while the majority presumes the trial court and/or the State acted improperly and imposes the statute as strict liability, I presume – absent evidence to the contrary - the trial court acted properly and in accordance with its duty. *Eichelberger v. Park Ave. Realty,* No. 6859, 1981 WL 5081, at *2 (2d Dist.) (stating since *there is no appropriate record showing error*, the regularity of the proceedings and findings of the trial court must be presumed); *see also Margaret Creek Conservancy Dist. v. Albany Lions Club,* 19 Ohio App.2d 193 (4th Dist., 1969).

{¶33} For these reasons, I respectfully dissent from the majority. Because I conclude Appellant's speedy trial rights were not violated, I would also overrule Appellant's remaining assignments of error and find that Appellant waived *any error* on appeal as a result of his knowing and voluntary guilty plea.